[Cite as *State ex rel. Johnson v. Ohio Dept. of Rehab. & Corr.*, 2016-Ohio-5424.]

IN THE COURT OF APPEALS OF OHIO

TENTH APPELLATE DISTRICT

| | | |
|---|---|---|
| [State ex rel.] Ronald G. Johnson, | : | |
| Relator, | : | |
| v. | : | No. 16AP-69 |
| Ohio Department of [Rehabilitation and Correction], | : | (REGULAR CALENDAR) |
| | : | |
| Respondent. | : | |
| | : | |

D E C I S I O N

Rendered on August 18, 2016

**On brief:** *Ronald G. Johnson*, pro se.

**On brief:** *Michael DeWine*, Attorney General, and *B. Alexander Kennedy*, for respondent.

IN MANDAMUS
ON RESPONDENT'S MOTION TO DISMISS

DORRIAN, P.J.

{¶ 1} In this original action, relator, Ronald G. Johnson, requests a writ of mandamus ordering respondent, Ohio Department of Rehabilitation and Correction, to correct his sentence and "to remove all double terms of imprisonment that are served for the second time from Aug. 30, 2012 until they expire on Aug. 21, 2024." (Complaint at 4.)

{¶ 2} Pursuant to Civ.R. 53 and Loc.R. 13(M) of the Tenth District Court of Appeals, this matter was referred to a magistrate who issued a decision, including findings of fact and conclusions of law, which is appended hereto. The magistrate recommends that this court grant respondent's motion to dismiss for failure to comply with the requirements of R.C. 2969.25(A).

{¶ 3}   No party has filed objections to the magistrate's decision.  The case is now before this court for review.

{¶ 4}   No error of law or other defect is evident on the face of the magistrate's decision. Therefore, we adopt the findings of fact and conclusions of law contained therein.  Accordingly, respondent's motion to dismiss is granted, and relator's complaint for a writ of mandamus is dismissed.

*Respondent's motion to dismiss granted;*
*action dismissed.*

BROWN and LUPER SCHUSTER, JJ., concur.

————————————

APPENDIX

IN THE COURT OF APPEALS OF OHIO

TENTH APPELLATE DISTRICT

| | | |
|---|---|---|
| [State ex rel.] Ronald G. Johnson, | : | |
| Relator, | : | |
| v. | : | No.  16AP-69 |
| Ohio Department of Rehabilitation and Correction, | : | (REGULAR CALENDAR) |
| | : | |
| Respondent. | : | |
| | : | |

M A G I S T R A T E ' S   D E C I S I O N

Rendered on April 22, 2016

*Ronald G. Johnson,* pro se.

*Michael DeWine*, Attorney General, and *B. Alexander Kennedy,* for respondent.

IN MANDAMUS
ON RESPONDENT'S MOTION TO DISMISS

{¶ 5}  Relator, Ronald G. Johnson, has filed this original action requesting that this court issue a writ of mandamus ordering respondent, Ohio Department of Rehabilitation and Correction ("ODRC"), to correct his sentence and "remove all double terms of imprisonment he is being forced to serve as of now."

Findings of Fact:

{¶ 6}  1. Relator is an inmate currently incarcerated at Lebanon Correctional Institution.

{¶ 7}  2. Relator filed this mandamus action on January 29, 2016.

{¶ 8}   3. At the time he filed his complaint, relator filed an affidavit of indigency, which was properly verified and he attached thereto a statement of the amount in his inmate account for each of the preceding six months as certified by the institutional cashier.

{¶ 9}   4. Also at the time he filed his complaint, relator filed what he identified as an affidavit of all the lawsuits he had filed in the past five years.  Relator listed seven cases; however, relator neglected to sign or otherwise have his affidavit verified.

{¶ 10} 5. On March 1, 2016, respondent filed a motion to dismiss on several grounds including relator's failure to verify his prior actions affidavit and failure to include four cases in his list of actions filed within the previous five years.

{¶ 11} 6. On March 11, 2016, relator filed a response to respondent's motion to dismiss arguing that, any failure on his part to include all the lawsuits he had filed in the past five years is the fault of respondent.  Relator asserts that he used the computer in the prison's library, which he asserts is not up to date.  Relator also asserts that he did sign and notarize his prior actions affidavit.

{¶ 12} 7. The matter is currently before the magistrate on respondent's motion to dismiss.

Conclusions of Law:

{¶ 13} For the reasons that follow, it is this magistrate's decision that this court should grant respondent's motion and dismiss relator's complaint.

{¶ 14} R.C. 2969.25(A) requires an inmate to file, at the time he commences a civil action against a governmental entity or employee, an affidavit listing each civil action or appeal of a civil action that he filed in the past five years, providing specific information regarding each civil action or appeal.  In the present action, relator has not filed the required affidavit.

{¶ 15} Compliance with the provisions of R.C. 2969.25 is mandatory and the failure to satisfy the statutory requirements is grounds for dismissal of the action.  *State ex rel. Washington v. Ohio Adult Parole Auth.*, 87 Ohio St.3d 258 (1999); *State ex rel. Zanders v. Ohio Parole Bd.*, 82 Ohio St.3d 421 (1998); *State ex rel. Alford v. Winters*, 80 Ohio St.3d 285 (1997).

{¶ 16} In the present case, relator has filed an affidavit pursuant to R.C. 2969.25(A) listing seven appeals or civil actions that he has filed in the past five years. However, in respondent's motion to dismiss, respondent asserts that relator failed to list all civil actions filed within five years and specifically lists several which have been filed recently. Respondent asks this court to take judicial notice of those other actions.

{¶ 17} Under Evid.R. 201(B), a judicially noticed fact "must be one not subject to reasonable dispute in that it is either (1) generally known within the territorial jurisdiction of the trial court or (2) capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned." "The Ohio Supreme Court has held that a court may take judicial notice of its own docket in certain instances." *State v. Kartsone,* 8th Dist. No. 95104, 2011-Ohio-1930, ¶ 29, citing *Indus. Risk Insurers v. Lorenz Equip. Co.,* 69 Ohio St.3d 576, 580 (1994) ("[A] trial court is not required to suffer from institutional amnesia. It is axiomatic that a trial court may take judicial notice of its own docket."). *State ex rel. Coles v. Granville,* 116 Ohio St.3d 231, 2007-Ohio-6057, ¶ 20, citing *Libery Mut. Ins. Co. v. Rotches Pork Packers, Inc.* (C.A.2, 1992) 969 F.2d 1384, 1388, quoting *Kramer v. Time Warner, Inc.* (C.A.2, 1991), 937 F.3d 767, 774 (" 'A court may take judicial notice of a document filed in another court not for the truth of the matters asserted in the other litigation, but rather to establish the fact of such litigation and related filings.' "). Courts may take judicial notice of appropriate matters in considering a motion to dismiss for failure to state a claim without converting it into a motion for summary judgment. *State ex rel. Neff v. Corrigan,* 75 Ohio St.3d 12 (1996). The Supreme Court of Ohio has also held that a court may take judicial notice of public court records available on the internet. *State ex rel. Everhart v. McIntosh,* 115 Ohio St.3d 195, 2007-Ohio-4798, ¶ 8; *State ex rel. Harsh v. Mohr,* 10th Dist. No. 13AP-403, 2013-Ohio-4218.

{¶ 18} The magistrate has reviewed the Supreme Court's website and found each additional case listed by respondent. As such, it is clear that relator's affidavit of prior civil actions is not accurate.

{¶ 19} In his response to respondent's motion to dismiss, relator argues that any inaccuracies in his affidavit are "because the computer provided by the [Department of

Rehabilitation and Correction] in the Law Library are not up-to-date" and that his affidavit "was accurate to the best of his personal knowledge."

{¶ 20} In *Martin v. Ghee,* 10th Dist. No. 01AP-1380 (Apr. 9, 2002), this court rejected this excuse, stating:

> The requirements of R.C. 2969.25 are mandatory. See *State ex rel. Zanders v. Ohio Parole Bd.* (1998), 82 Ohio St.3d 421; *State ex rel. Alford v. Winters* (1997), 80 Ohio St.3d 285. An inmate-plaintiff's "best recollection" is insufficient because R.C. 2969.25 demands strict compliance. *Harman v. Wellington* (Dec. 20, 2001), Mahoning App. No. 00 CA 248, unreported. In both *Zanders* and *Alford*, the petitioners were pro se litigants. The court did not afford them any leeway in applying the mandates of R.C. 2969.25.

{¶ 21} Finding that relator has failed to comply with the requirements of R.C. 2969.25(A) and because relator cannot cure this deficiency at a later date, the magistrate recommends that this court grant respondent's motion and dismiss relator's mandamus action.

/S/ MAGISTRATE
STEPHANIE BISCA

**NOTICE TO THE PARTIES**

> Civ.R. 53(D)(3)(a)(iii) provides that a party shall not assign as error on appeal the court's adoption of any factual finding or legal conclusion, whether or not specifically designated as a finding of fact or conclusion of law under Civ.R. 53(D)(3)(a)(ii), unless the party timely and specifically objects to that factual finding or legal conclusion as required by Civ.R. 53(D)(3)(b).