[Cite as *State ex rel. Robinson v. Parole Auth.*, 2019-Ohio-1297.]

# IN THE COURT OF APPEALS

# ELEVENTH APPELLATE DISTRICT

# ASHTABULA COUNTY, OHIO

| | | |
|---|---|---|
| STATE OF OHIO ex rel.<br>JACKIE N. ROBINSON, | : | **PER CURIAM OPINION** |
| Relator, | : | |
| - vs - | : | **CASE NO. 2018-A-0068** |
| OHIO ADULT PAROLE AUTHORITY, | : | |
| Respondent. | : | |

Original Action for Writ of Mandamus

Judgment: Petition dismissed.

*Jackie N. Robinson*, pro se, PID: A554-458, Lake Erie Correctional Institution, P.O. Box 8000, 501 Thompson Road, Conneaut, OH 44030 (Relator).

*Mike DeWine*, Ohio Attorney General, State Office Tower, 30 East Broad Street, 16th Floor, Columbus, OH 43215 (For Respondent).

PER CURIAM.

{¶1} Relator, Jackie N. Robinson, seeks the issuance of a writ of mandamus to compel respondent, the Ohio Adult Parole Authority, to comply with his request for copies of public records relating to his present incarceration. Respondent has moved to dismiss the mandamus claim, arguing that relator's petition is not properly before us because he has not satisfied the filing requirements of R.C. 2969.25(A). In response, relator contends that he is unable to obtain the information needed to meet the

requirement.

{¶2} R.C. 2969.25(A) provides, in pertinent part:

{¶3} "At the time that an inmate commences a civil action or appeal against a government entity or employee, the inmate shall file with the court an affidavit that contains a description of each civil action or appeal of a civil action that the inmate has filed in the previous five years in any state or federal court. The affidavit shall include all of the following for each of those civil actions or appeals:

{¶4} "(1) A brief description of the nature of the civil action or appeal;

{¶5} "(2) The case name, case number, and the court in which the civil action or appeal was brought;

{¶6} "(3) The name of each party to the civil action or appeal;

{¶7} "(4) The outcome of the civil action or appeal, including whether the court dismissed the civil action or appeal as frivolous or malicious under state or federal law or rule of court, * * *."

{¶8} The requirements of R.C. 2969.25(A) are mandatory; thus, an inmate's civil action is subject to dismissal if he does not comply. *State ex rel. Manns v. Henson*, 119 Ohio St.3d 348, 2008-Ohio-4478, 894 N.E.2d 47, ¶ 4. Moreover, substantial compliance with the statutory provision does not suffice. *Id*. "An inmate-plaintiff's 'best recollection" is insufficient because [R.C. 2969.25(A)] demands strict compliance." *Martin v. Ghee*, 10th Dist. Franklin No. 01AP-1380, 2002 WL 523000, *3 (Apr. 9, 2002).

{¶9} Although relator submitted a R.C. 2969.25(A) affidavit with his petition, it did not contain a list of his prior civil actions and appeals. Instead, his affidavit set forth the following statement

{¶10} "I, Jackie N. Robinson, Relator, here swears that he cannot recall or describe each civil action or appeal of a civil action filed in the previous five years in any state or federal court, the case name, case number, and the court which the civil action was brought [in], or appeal, the name of each party to the civil action or appeal. The outcome of said actions was dismissal. * * * Relator['s] legal papers have been lost or destroyed by shakedown staff and Relator is without legal assistance * * *."

{¶11} In *Martin*, 2002 WL 523000, the inmate asserted that he had no information regarding his prior civil actions because prison rules did not permit him to retain his prior inactive cases. In affirming the trial court's dismissal of the inmate's complaint, the Tenth Appellate District held that the inability to retain information regarding prior cases did not justify the lack of any effort to comply with R.C. 2969.25(A): "[A]ppellant fails to make any attempt to describe the civil actions or appeals he filed in the previous five years." *Id.* at *4. *See also State ex rel. Johnson v. Ohio Dept. of Rehab. & Corr.*, 10th Dist. Franklin No. 16AP-69, 2016-Ohio-5424, in which it was held that the fact that the computer in the prison law library was not "up-to-date" did not justify the inmate's failure to comply with the statute.

{¶12} Here, relator has stated that all of his prior civil cases resulted in dismissals, and that none of them was deemed frivolous. However, he has not attempted to provide the case names, their numbers, or the courts in which each case was filed. As a result, relator has not satisfied the requirements of R.C. 2969.25(A) for maintaining a civil action against a government entity. This failure mandates the dismissal of his mandamus claim.

{¶13} Respondent's motion to dismiss is granted. It is the order of this court that

relator's mandamus petition is dismissed in its entirety.

THOMAS R. WRIGHT, P.J., MATT LYNCH, J., MARY JANE TRAPP, J., concur.

4