[Until this opinion appears in the Ohio Official Reports advance sheets, it may be cited as *State ex rel. Zander v. Judge of Summit Cty. Common Pleas Court,* Slip Opinion No. 2019-Ohio-1704.]

NOTICE

This slip opinion is subject to formal revision before it is published in an advance sheet of the Ohio Official Reports. Readers are requested to promptly notify the Reporter of Decisions, Supreme Court of Ohio, 65 South Front Street, Columbus, Ohio 43215, of any typographical or other formal errors in the opinion, in order that corrections may be made before the opinion is published.

SLIP OPINION NO. 2019-OHIO-1704

THE STATE EX REL. ZANDER, APPELLANT, *v.* JUDGE OF SUMMIT COUNTY COMMON PLEAS COURT, APPELLEE.

[Until this opinion appears in the Ohio Official Reports advance sheets, it may be cited as *State ex rel. Zander v. Judge of Summit Cty. Common Pleas Court,* Slip Opinion No. 2019-Ohio-1704.]

*Mandamus—Prohibition—Appellant had adequate remedy at law by appeal— Court of appeals' dismissal of complaint affirmed.*

(No. 2018-1198—Submitted February 19, 2019—Decided May 8, 2019.)

APPEAL from the Court of Appeals for Summit County, No. 29035.

_____

**Per Curiam.**

{¶ 1} Appellant, David J. Zander, appeals the Ninth District Court of Appeals' dismissal of his complaint for writs of mandamus and prohibition against an unnamed judge of the Summit County Court of Common Pleas. We affirm.

{¶ 2} In 2009, Zander was found guilty of aggravated murder. *State v. Zander*, Summit C.P. No. CR-2008-08-2815-B. Although he was charged under

R.C. 2903.01(B), which requires that the death occurred during the commission of an underlying felony, the jury acquitted Zander of the alleged underlying felony (aggravated robbery). He therefore alleged that the law required him to be acquitted of aggravated murder.

{¶ 3} On July 18, 2018, the court of appeals granted the Summit County Common Pleas Court's motion to dismiss under Civ.R. 12(B)(6) for failure to state a claim upon which relief can be granted. Zander appealed.

{¶ 4} To be entitled to a writ of mandamus, the relator must establish, by clear and convincing evidence, (1) a clear legal right to the requested relief, (2) a clear legal duty on the part of the respondent to provide it, and (3) the lack of an adequate remedy in the ordinary course of the law. *State ex rel. Love v. O'Donnell*, 150 Ohio St.3d 378, 2017-Ohio-5659, 81 N.E.3d 1250, ¶ 3. For a court to dismiss a mandamus complaint pursuant to Civ.R. 12(B)(6), it must appear beyond doubt from the complaint that the relator can prove no set of facts warranting relief, after all factual allegations of the complaint are presumed true and all reasonable inferences are made in the relator's favor. *State ex rel. Natl. Elec. Contrs. Assn., Ohio Conference v. Ohio Bur. of Emp. Servs.*, 83 Ohio St.3d 179, 181, 699 N.E.2d 64 (1998). This court reviews a dismissal under Civ.R. 12(B)(6) de novo. *State ex rel. Brown v. Nusbaum*, 152 Ohio St.3d 284, 2017-Ohio-9141, 95 N.E.3d 365, ¶ 10.

{¶ 5} An inmate alleging an inconsistent-verdicts claim has an adequate remedy at law by appeal to raise the issue. *Drake v. Tyson-Parker*, 101 Ohio St.3d 210, 2004-Ohio-711, 803 N.E.2d 811, ¶ 5 (affirming denial of relief in habeas corpus). Indeed, Zander admits in his complaint that he did appeal his conviction, and he unsuccessfully raised an inconsistent-verdicts argument in that appeal. *See State v. Zander*, 9th Dist. Summit No. 24706, 2010-Ohio-631, ¶ 54. The extraordinary remedy of mandamus is not available when the petitioner has or had

2

an adequate remedy by way of appeal. *Thompson v. Donnelly*, 155 Ohio St.3d 184, 2018-Ohio-4073, 119 N.E.3d 1292, ¶ 6.

{¶ 6} Zander argues that mandamus should be available because his conviction is void. A void judgment is one that is entered by a court that lacks subject-matter jurisdiction. *State v. Apanovitch*, __ Ohio St.3d __, 2018-Ohio-4744, __ N.E.3d __, ¶ 42. The United States Supreme Court has long recognized that " '[c]onsistency in the verdict is not necessary,' " *United States v. Powell*, 469 U.S. 57, 62, 105 S.Ct. 471, 83 L.Ed.2d 461 (1984), quoting *Dunn v. United States*, 284 U.S. 390, 393, 52 S.Ct. 189, 76 L.Ed. 356 (1932), and that "there is no reason to vacate [a] conviction merely because the verdicts cannot rationally be reconciled," *id*. at 69. And if inconsistent verdicts may be sustained, then there is no basis for concluding that a court entering judgment on inconsistent verdicts lacks jurisdiction to do so. Zander's mandamus complaint failed to state a claim and was correctly dismissed.

{¶ 7} For the same reason, Zander also has failed to state a claim for relief in prohibition. There are three elements necessary for a writ of prohibition to issue: (1) the exercise of judicial power, (2) the lack of authority for the exercise of that power, and (3) the lack of an adequate remedy in the ordinary course of the law for the injury that would result from denial of the writ. *State ex rel. Elder v. Camplese*, 144 Ohio St.3d 89, 2015-Ohio-3628, 40 N.E.3d 1138, ¶ 13. As discussed above, Zander's allegations make clear that the Summit County Common Pleas Court did not lack authority to exercise judicial power, and Zander had an adequate remedy in the ordinary course of the law. The court of appeals correctly dismissed his prohibition claim.

Judgment affirmed.

O'CONNOR, C.J., and KENNEDY, FRENCH, FISCHER, DEWINE, DONNELLY, and STEWART, JJ., concur.

————————————

David J. Zander, pro se.

Sherri Bevan Walsh, Summit County Prosecuting Attorney, and Colleen Sims, Assistant Prosecuting Attorney, for appellee.

_____