[Until this opinion appears in the Ohio Official Reports advance sheets, it may be cited as *State ex rel. Peoples v. Schneider*, Slip Opinion No. 2020-Ohio-1071.]

NOTICE

This slip opinion is subject to formal revision before it is published in an advance sheet of the Ohio Official Reports. Readers are requested to promptly notify the Reporter of Decisions, Supreme Court of Ohio, 65 South Front Street, Columbus, Ohio 43215, of any typographical or other formal errors in the opinion, in order that corrections may be made before the opinion is published.

SLIP OPINION NO. 2020-OHIO-1071

THE STATE EX REL. PEOPLES, APPELLANT, *v.* SCHNEIDER, JUDGE, APPELLEE.

**[Until this opinion appears in the Ohio Official Reports advance sheets, it may be cited as *State ex rel. Peoples v. Schneider*, Slip Opinion No. 2020-Ohio-1071.]**

*Mandamus—Res judicata—A valid, final judgment on the merits bars subsequent actions based on claims arising out of transaction or occurrence that was the subject matter of the previous action—Court of appeals' judgment dismissing complaint affirmed.*

(No. 2019-1391—Submitted January 7, 2020—Decided March 26, 2020.)

APPEAL from the Court of Appeals for Franklin County,

No. 19AP-125, 2019-Ohio-4021.

_____

**Per Curiam.**

{¶ 1} Appellant, David A. Peoples, appeals the judgment of the Tenth District Court of Appeals dismissing his complaint for a writ of mandamus. We

affirm the court of appeals' judgment because Peoples's claim is barred by res judicata.

**Background**

{¶ 2} In 2002, a Franklin County Court of Common Pleas jury convicted Peoples of aggravated murder with two firearm specifications. The indictment had also contained a count of having a weapon while under disability ("WUD"). The trial court sentenced Peoples to life in prison with the possibility of parole after 25 years on the aggravated-murder conviction, plus nine years for the firearm specifications. But the court's sentencing entry does not refer to the WUD charge. The court of appeals affirmed Peoples's convictions and sentence. *State v. Peoples* ("*Peoples I*"), 10th Dist. Franklin No. 02AP-945, 2003-Ohio-4680.

{¶ 3} In November 2018, Peoples filed a motion for a final, appealable order in the trial court, arguing that the sentencing entry was void because it failed to dispose of the WUD charge. The trial court denied the motion in December 2018. Peoples did not appeal that decision.

{¶ 4} In March 2019, Peoples filed a complaint for a writ of mandamus in the Tenth District against appellee, former Franklin County Common Pleas Court Judge Charles A. Schneider. Peoples contended that he is entitled to mandamus relief because the 2002 sentencing entry did not dispose of the WUD charge and is not a final, appealable order. Accordingly, he contended that he has a clear legal right to a new sentencing hearing and that the trial court had a clear legal duty to correct the 2002 sentencing entry and enter a final, appealable order. Judge Schneider filed a motion to dismiss pursuant to Civ.R. 12(B)(6).

{¶ 5} The Tenth District referred the case to a magistrate, who recommended granting the motion to dismiss because Peoples had an adequate remedy in the ordinary course of the law and because Peoples's claim was barred by res judicata. The magistrate explained that Peoples had previously appealed to the Tenth District the trial court's denial of an earlier motion for a final, appealable

2

order. *See State v. Peoples* ("*Peoples II*"), 10th Dist. Franklin No. 14AP-271, 2014-Ohio-5526. And in *Peoples II*, the Tenth District had determined that the sentencing entry was a final, appealable order and that res judicata barred Peoples's claims. *Id.* at ¶ 9-10. Peoples filed objections, but the court of appeals adopted the magistrate's decision in full. Peoples appealed to this court as of right.

### Legal Analysis

{¶ 6} We review the dismissal of a mandamus complaint under Civ.R. 12(B)(6) de novo. *State ex rel. Brown v. Nusbaum*, 152 Ohio St.3d 284, 2017-Ohio-9141, 95 N.E.3d 365, ¶ 10. Dismissal is appropriate only if it "appear[s] beyond doubt from the complaint that the relator can prove no set of facts warranting relief, after all factual allegations of the complaint are presumed true and all reasonable inferences are made in the relator's favor." *State ex rel. Zander v. Judge of Summit Cty. Common Pleas Court*, 156 Ohio St.3d 466, 2019-Ohio-1704, 129 N.E.3d 401, ¶ 4.

{¶ 7} To be entitled to a writ of mandamus, Peoples must establish that (1) he has a clear legal right to the relief requested, (2) the trial court is under a clear legal duty to perform the requested acts, and (3) Peoples has no adequate remedy in the ordinary course of the law. *State ex rel. Marsh v. Tibbals*, 149 Ohio St.3d 656, 2017-Ohio-829, 77 N.E.3d 909, ¶ 24.

{¶ 8} In his sole proposition of law, Peoples contends that the court of appeals erred when it determined that his claim is barred by res judicata. "Under the doctrine of res judicata, '[a] valid, final judgment rendered upon the merits bars all subsequent actions based upon any claim arising out of the transaction or occurrence that was the subject matter of the previous action.' " *State ex rel. Denton v. Bedinghaus*, 98 Ohio St.3d 298, 2003-Ohio-861, 784 N.E.2d 99, ¶ 14, quoting *Grava v. Parkman Twp.*, 73 Ohio St.3d 379, 653 N.E.2d 226, syllabus.

{¶ 9} "Material incorporated in a complaint may be considered part of the complaint for purposes of determining a Civ.R. 12(B)(6) motion to dismiss." *State*

*ex rel. Crabtree v. Franklin Cty. Bd. of Health*, 77 Ohio St.3d 247, 249, 673 N.E.2d 1281 (1997), fn. 1. Because Peoples referred to his criminal case in his mandamus complaint, it was not error for the court of appeals to determine that he had failed to raise his final-appealable-order claim on direct appeal from his conviction. *See Peoples I*, 2003-Ohio-4680. Nor did the court err by determining that Peoples had previously made the same argument numerous times. *See Peoples II*, 2014-Ohio-5526 at ¶ 4, 9. In fact, Peoples recently raised the same claim in another appeal to this court from the Tenth District's dismissal of yet another request by Peoples for a writ of mandamus. *State ex rel. Peoples v. Johnson*, 152 Ohio St.3d 418, 2017-Ohio-9140, 97 N.E.3d 426, ¶ 12 ("Peoples exercised a remedy in the ordinary course of the law. * * * Thus, Peoples has already had an adequate remedy and extraordinary relief in mandamus is not available"). In addition, Peoples could have appealed the trial court's 2018 judgment denying his request for a final, appealable order because that judgment was also a final, appealable order. *State ex rel. Daniels v. Russo*, 156 Ohio St.3d 143, 2018-Ohio-5194, 123 N.E.3d 1011, ¶ 9.

{¶ 10} Res judicata barred Peoples's mandamus claim here because he has raised the same claim multiple times previously. And although Peoples has not presented a proposition of law here challenging the Tenth District's determination that he had an adequate remedy at law, we agree with the court of appeals that he did, even if he failed to pursue it or was unsuccessful, *Jackson v. Johnson*, 135 Ohio St.3d 364, 2013-Ohio-999, 986 N.E.2d 989, ¶ 5.

Judgment affirmed.

O'CONNOR, C.J., and FRENCH, FISCHER, DEWINE, DONNELLY, and STEWART, JJ., concur.

KENNEDY, J., concurs in judgment only.

————————————

David A. Peoples, pro se.

Ron O'Brien, Franklin County Prosecuting Attorney, and Bryan B. Lee, Assistant Prosecuting Attorney, for appellee.

_____