[Cite as *State ex rel. Sands v. Kelly*, 2020-Ohio-3936.]

# IN THE COURT OF APPEALS

# ELEVENTH APPELLATE DISTRICT

# LAKE COUNTY, OHIO

STATE OF OHIO ex rel.           :     **PER CURIAM OPINION**
JOSEPH A. SANDS,

                                 :

       Relator,                :     **CASE NO. 2020-L-039**

                                 :

   - vs -                   :

MAUREEN G. KELLY, CLERK
OF COMMON PLEAS COURT,     :

       Respondent.        :

Original Action for Writ of Mandamus.

Judgment: Petition dismissed.

*Joseph A. Sands*, pro se, PID# A664-601, Marion Correctional Institution, 940 Marion-Williamsport Road, P.O. Box 57, Marion, OH 43302 (Relator).

*Charles E. Coulson*, Lake County Prosecutor, and *Michael L. DeLeone*, Assistant Prosecutor, Lake County Administration Building, 105 Main Street, P.O. Box 490, Painesville, OH 44077 (For Respondent).

PER CURIAM

{¶1} Pending before this court is relator, Joseph A. Sands', petition for Writ of Mandamus, filed on March 20, 2020, and respondent, Lake County Clerk of Courts Maureen G. Kelly's, Motion to Dismiss, or in the Alternative, Motion for Summary Judgment, filed on April 6, 2020. Sands filed a Reply Memorandum in Opposition to the Motion to Dismiss on May 22, 2020.

{¶2} Sands' petition alleges in relevant part:

Now the Relator had sent many letters [to] Maureen G. Kelly the Clerk of the Common Pleas Court for Lake County * * * with no reply to said letters. The last letter the Relator had sent is dated December 20/2019 * * * [and] as the other letters had stated the same request[:] For the Clerk of Courts to forward the Relator a Document that was docketed and certified by the Clerk['s] office in question on 12/20/2016 as an **ALERT CHANGED** on Case No. 06-CR-401. * * * I had told the Clerk of Courts * * * that I didn't get any reply to the other letters that were sent so Maureen G. Kelly has left me no choice but to file a Mandamus Action to the 11th Appellate court of Ohio.

{¶3} "[D]ismissal of a mandamus complaint under Civ.R. 12(B)(6) * * * is appropriate only if it 'appear[s] beyond doubt from the complaint that the relator can prove no set of facts warranting relief, after all factual allegations of the complaint are presumed true and all reasonable inferences are made in the relator's favor.'" *State ex rel. Peoples v. Schneider*, __ Ohio St.3d __, 2020-Ohio-1071, __ N.E.3d __, ¶ 6, citing *State ex rel. Zander v. Judge of Summit Cty. Common Pleas Court*, 156 Ohio St.3d 466, 2019-Ohio-1704, 129 N.E.3d 401, ¶ 4.

{¶4} "Mandamus is the appropriate remedy by which to compel compliance with the Public Records Act." *State ex rel. Bey v. Byrd*, __ Ohio St.3d __, 2020-Ohio-2766, __ N.E.3d __, ¶ 11. "Access to case documents in actions commenced prior to July 1, 2009, shall be governed by federal and state law." Sup.R. 47(A)(1). "'Case document' means a document and information in a document submitted to a court or filed with a clerk of court in a judicial action or proceeding, including exhibits, pleadings, motions, orders, and judgments, and any documentation prepared by the court or clerk in the judicial action or proceeding, such as journals, dockets, and indices * * *." Sup.R. 44(C)(1).

{¶5} Sands is asking this court to issue a writ ordering the clerk to provide him

with a docket entry in a criminal case commenced in 2006. Accordingly, his request is governed by the Ohio Public Records Act.

{¶6} As grounds to dismiss the action, the Respondent argues Sands failed to comply with R.C. 2969.25(A) which provides: "At the time that an inmate commences a civil action or appeal against a government entity or employee, the inmate shall file with the court an affidavit that contains a description of each civil action or appeal of a civil action that the inmate has filed in the previous five years in any state or federal court." *See also* R.C. 2969.25(A)(1) ("[t]he affidavit shall include * * * [a] brief description of the nature of the civil action or appeal").

{¶7} Sands' petition included an affidavit identifying eleven civil actions/appeals by case name and number and stating whether the requested relief was granted or denied. Under the caption "brief description of the nature of the civil action/appeal," the affidavit lists: A) habeas corpus/federal; B) mandamus action; C) post-conviction petition. These descriptions are not connected to particular civil actions/appeals.

{¶8} The Ohio Supreme Court has oft stated that the "failure to include all of the required information in [the] affidavit mandates the dismissal of [the] petition." *Robinson v. LaRose*, 147 Ohio St.3d 473, 2016-Ohio-7647, 67 N.E.3d 765, ¶ 11. This court has affirmed that "substantial compliance * * * does not suffice," rather, the statute "[R.C. 2969.25(A)] demands strict compliance." *State ex rel. Robinson v. Ohio Adult Parole Auth.*, 11th Dist. Ashtabula No. 2018-A-0068, 2019-Ohio-1297, ¶ 8, quoting *Martin v. Ghee*, 10th Dist. Franklin No. 01AP-1380, 2002 WL 523000, *3 (citing cases where the courts "did not afford [inmates] any leeway in applying the mandates of R.C. 2969.25"). In *State ex rel. Ware v. Bur. of Sentence Computation*, 10th Dist. Franklin No. 19AP-841,

3

2020-Ohio-2695 (10th Dist.), the relator failed to "fully" meet the statute's requirements where he submitted a "list of cases provid[ing] the name of the case, the case number, the court in which it was filed, and the status," but "did not provide a brief description of the nature of the cases." *Id.* at ¶ 11.

{¶9}    In the present case, Sands has failed to fully meet the statute's requirement that the affidavit include a "brief description of the nature of the civil action or appeal." Rather, Sands has identified eleven prior actions without describing their nature, instead identifying them indifferently as habeas corpus, mandamus, and/or postconviction actions.  The effect of failing to identify with particularity the nature of each action is no different from cases where the relator could not recall all prior civil actions or identified them inaccurately.  *Robinson v. Fender*, 11th Dist. Ashtabula No. 2019-A-0039, 2019-Ohio-2514, ¶ 8-11 (petition dismissed where the inmate could not "recall" all the civil actions filed previously); *State ex rel. Johnson v. Ohio Dept. of Rehab. & Corr.*, 10th Dist. Franklin No. 16AP-69, 2016-Ohio-5424, an affidavit was deemed insufficient because it contained "inaccuracies."  *Id.* at ¶ 18-21 (petition dismissed where the affidavit of prior civil actions was "not accurate").

{¶10} Respondent's Motion to Dismiss is granted and the petition is hereby dismissed.


THOMAS R. WRIGHT, J., MATT LYNCH, J., MARY JANE TRAPP, J., concur.

4