[Cite as *State ex rel. Battigaglia v. Kubilus*, 2020-Ohio-5015.]

COURT OF APPEALS
STARK COUNTY, OHIO
FIFTH APPELLATE DISTRICT

| | |
|---|---|
| STATE EX REL. ROMERO A. BATTIGAGLIA, JR. | JUDGES: |
| | |
| Relator | Hon. William B. Hoffman, P.J. |
| | Hon. W. Scott Gwin, J. |
| | Hon. Craig R. Baldwin, J. |
| -vs- | |
| | Case No. 2020CA00125 |
| HON. JUDGE RICHARD J. KUBILUS | |
| | |
| Respondent | O P I N IO N |


CHARACTER OF PROCEEDINGS:          Writ of Mandamus


JUDGMENT:          Dismissed

DATE OF JUDGMENT ENTRY:          October 21, 2020


APPEARANCES:


| For Relator | For Respondent |
|---|---|
| ROMERO A. BATTIGAGLIA, JR. | HON. RICHARD J. KUBILUS |
| A717741 | Canton Municipal Court |
| London Correctional Institution | 218 Cleveland Avenue, S.W. |
| 1580 State Route 56, S.W. | Canton, Ohio 44701 |
| London, Ohio 43140 | |

*Hoffman, P.J.*

## FACTUAL BACKGROUND AND PROCEDURAL HISTORY

**{¶1}** Relator, Romero A. Battigaglia Jr. brings this matter before the Court upon a Complaint for Writ of Mandamus. Mr. Battigaglia seeks relief against Respondent, Judge Richard J. Kubilus. He requests this Court issue a preemptory writ of mandamus "directing the respondent to properly adjudicate Relator's motion to vacate costs and fines" related to two previous cases in the Canton Municipal Court (Case Nos. 2009 TRC 7560, 2009 CRB 4667). (Complaint Mandamus at ¶ 9)

**{¶2}** Mr. Battigaglia is currently incarcerated at London Correctional Institution. (*Id.* at ¶ 1) He alleges on or around June 19th, 2020, he filed a Motion to Vacate Costs and Fines in the Stark County Municipal Court.[1] (*Id.* at ¶¶ 2-3) Judge Kubilus sent a letter to Mr. Battigaglia in response to his motion stating, "I am in receipt of a recent Motion regarding the above cases. Upon release from your facility, you may appear in my courtroom on any Tuesday at 9:00am to discuss your case further." (*Id.* at ¶¶ 4-5)

**{¶3}** Mr. Battigaglia believes he has a right to a judgment entry granting or denying his motion and claims Judge Kubilus had a clear legal duty to enter such a judgment. (*Id.* at ¶¶ 6-7) Mr. Battigaglia filed this original action requesting a preemptory writ of mandamus because he believes he has no adequate remedy at law and is unable to appeal Judge Kubilus's letter as it is not a judgment entry or final appealable order. (*Id.* at ¶ 8)

---

[1] Mr. Battigaglia actually filed his Motion to Vacate Costs and Fines in the Canton Municipal Court.

**{¶4}** Following Mr. Battigaglia's filing of his mandamus action, Judge Kubilus issued a Judgment Entry on October 16, 2020 denying Mr. Battigaglia's Motion to Vacate Costs and Fines in both cases.

## MANDAMUS ELEMENTS

**{¶5}** To be entitled to a writ of mandamus, three elements must be proven by clear and convincing evidence. They are: (1) a clear legal right to the requested relief, (2) a clear legal duty on the part of the respondent to provide it, and (3) the lack of an adequate remedy in the ordinary course of the law. *State ex rel. Zander v. Judge of Summit Cty. Common Pleas Court*, 156 Ohio St.3d 466, 2019-Ohio-1704, 129 N.E.3d 401, ¶ 4. "Mandamus is an extraordinary remedy 'to be issued with great caution and discretion and only when the way is clear.' " *State ex rel. Taylor v. Glasser*, 50 Ohio St.2d 165, 166, 364 N.E.2d 1 (1977), citing *State ex rel. Kriss v. Richards*, 102 Ohio St. 455, 457, 132 N.E. 23 (1921), and *State ex rel. Skinner Engine Co. v. Kouri*, 136 Ohio St. 343, 25 N.E.2d 940 (1940), paragraph one of the syllabus.

'It is a well-settled general rule in Ohio that the issuance of a writ of mandamus rests, to a considerable extent at least, within the sound discretion of the court to which application for the writ is made. The writ is not demandable as a matter of right, or at least is not wholly a matter of right; nor will it issue unless the relator has a clear right to the relief sought, and makes a clear case for the issuance of the writ. The facts submitted and the proof produced must be plain, clear, and convincing before a court is justified in using the strong arm of the law by way of granting the writ.'

**{¶6}** (Citation omitted.) *State ex rel. Pressley v. Indus. Comm.*, 11 Ohio St.2d 141, 161, 228 N.E.2d 631 (1967).

## LEGAL ANALYSIS

**{¶7}** Mr. Battigaglia asks this Court to issue a preemptory writ of mandamus ordering Judge Kubilus to adjudicate his Motion to Vacate Costs and Fines. Because Judge Kubilus has ruled upon Mr. Battigaglia's motion, as requested in his Complaint for Writ of Mandamus, we will not issue the writ to compel an act already performed. *See State ex rel. Jerninghan v. Cuyahoga Cty. Court of Common Pleas*, 74 Ohio St.3d 278, 658 N.E.2d 723 (1996) ("A writ of mandamus will not issue to compel an act already performed. *State ex rel. Gantt v. Coleman* (1983), 6 Ohio St.3d 5, 6 OBR 4, 450 N.E.2d 1163.")

**{¶8}** For the foregoing reasons, Mr. Battigaglia's Complaint for Writ of Mandamus is dismissed. The clerk of courts is hereby directed to serve upon all parties not in default notice of this judgment and its date of entry upon the journal. *See* Civ.R. 58(B).

WRIT DISMISSED.

COSTS TO RELATOR.

IT IS SO ORDERED.

By: Hoffman, P.J.
Gwin, J.  and
Baldwin, J. concur