**[Until this opinion appears in the Ohio Official Reports advance sheets, it may be cited as** *State ex rel. Sands v. Kelly*, **Slip Opinion No. 2021-Ohio-769.]**

NOTICE

This slip opinion is subject to formal revision before it is published in an advance sheet of the Ohio Official Reports.  Readers are requested to promptly notify the Reporter of Decisions, Supreme Court of Ohio, 65 South Front Street, Columbus, Ohio 43215, of any typographical or other formal errors in the opinion, in order that corrections may be made before the opinion is published.

SLIP OPINION NO. 2021-OHIO-769

THE STATE EX REL. SANDS, APPELLANT, *v.* KELLY, CLERK, APPELLEE.

[Until this opinion appears in the Ohio Official Reports advance sheets, it may be cited as *State ex rel. Sands v. Kelly*, Slip Opinion No. 2021-Ohio-769.]

*Mandamus—Inmate failed to comply with filing requirements of R.C. 2969.25(A)— Court of appeals' dismissal of petition affirmed.*

(No. 2020-1087—Submitted January 26, 2021—Decided March 16, 2021.)

APPEAL from the Court of Appeals for Lake County,

No. 2020-L-039, 2020-Ohio-3936.

_____

**Per Curiam.**

**{¶ 1}** Appellant, Joseph A. Sands, a prison inmate, filed a complaint for a writ of mandamus in the Eleventh District Court of Appeals seeking to compel appellee, Maureen G. Kelly, Lake County Clerk of Courts, to provide him with a record related to his criminal case.  The Eleventh District dismissed the complaint because Sands did not comply with R.C. 2969.25(A).  Sands appealed to this court as of right.  We affirm.

{¶ 2} R.C. 2969.25(A) requires an inmate commencing a civil action against a government employee in a court of appeals to file "an affidavit that contains a description of each civil action or appeal of a civil action that the inmate has filed in the previous five years in any state or federal court." The statute requires the case descriptions to include the following:

(1) A brief description of the nature of the civil action or appeal;

(2) The case name, case number, and the court in which the civil action or appeal was brought;

(3) The name of each party to the civil action or appeal;

(4) The outcome of the civil action or appeal, including whether the court dismissed the civil action or appeal as frivolous or malicious under state or federal law or rule of court, whether the court made an award against the inmate or the inmate's counsel of record for frivolous conduct under section 2323.51 of the Revised Code, another statute, or a rule of court, and, if the court so dismissed the action or appeal or made an award of that nature, the date of the final order affirming the dismissal or award.

*Id.*

{¶ 3} It is undisputed that Sands is an inmate and that Kelly is a government employee. Sands therefore was required to comply with R.C. 2969.25(A).

{¶ 4} Sands filed an affidavit with his complaint that included three sections containing information required under R.C. 2969.25(A)(2) through (4). Section 2 of the affidavit listed the case names, case numbers, and courts for 11 cases in which Sands was a party. He indicated that two of the cases involved a request for a writ of habeas corpus, but he did not describe the nature of any of the other cases listed

in section 2. Section 3 listed the 11 case names again, in the same order. And section 4 listed 11 dispositions (e.g., "Granted" or "Denied"), apparently corresponding to the order of the cases listed in the previous two sections. Although the formatting was unconventional, the affidavit arguably satisfied the requirements of R.C. 2969.25(A)(2) through (4).

{¶ 5} The Eleventh District held, however, that section 1 of Sands's affidavit did not comply with R.C. 2969.25(A)(1) because it "fail[ed] to identify with particularity the nature of each action." 2020-Ohio-3936, ¶ 9. Unlike the other sections, section 1 of the affidavit did not provide specific information for each of the 11 separate cases; it merely listed three descriptors—"Habeas Corpus/Federal," "Mandamus Action," and "Post-Conviction Petition"—without tying those descriptors to any particular case. The Eleventh District concluded that section 1 of Sands's affidavit did not satisfy R.C. 2969.25(A)(1) because his descriptions of the nature of the cases were "not connected" to the cases he had listed in sections 2 through 4. 2020-Ohio-3936 at ¶ 7.

{¶ 6} The Eleventh District's assessment was correct—Sands's affidavit failed to provide basic information describing the nature of each case as required under R.C. 2969.25(A)(1). "The requirements of R.C. 2969.25 are mandatory and failure to comply with them requires dismissal of an inmate's complaint." *State ex rel. Hall v. Mohr*, 140 Ohio St.3d 297, 2014-Ohio-3735, 17 N.E.3d 581, ¶ 4. We therefore affirm the judgment of the court of appeals.

Judgment affirmed.

O'CONNOR, C.J., and KENNEDY, FISCHER, DEWINE, DONNELLY, STEWART, and BRUNNER, JJ., concur.

_____

Joseph A. Sands, pro se.

Charles E. Coulson, Lake County Prosecuting Attorney, and Michael L. DeLeone, Assistant Prosecuting Attorney, for appellee.

_____