[Cite as *State ex rel. Joy v. Ohio Adult Parole Auth.*, 2022-Ohio-664.]

IN THE COURT OF APPEALS OF OHIO

TENTH APPELLATE DISTRICT

| | | |
|---|---|---|
| State of Ohio ex rel. Mark Joy, | : | |
| Relator, | : | No. 21AP-293 |
| v. | : | (REGULAR CALENDAR) |
| Ohio Adult Parole Authority, | : | |
| Respondent. | : | |

D E C I S I O N

Rendered on March 8, 2022

**On brief:** *Mark Joy*, pro se.

**On brief:** *Dave Yost*, Ohio Attorney General, and *Tony H. Shang*, for respondent.

IN MANDAMUS
ON OBJECTION TO THE MAGISTRATE'S DECISION

BEATTY BLUNT, J.

{¶ 1} Relator, Mark Joy, has filed this petition seeking a writ of mandamus to order respondent, the Ohio Adult Parole Authority ("OAPA") to recalculate his sentence. Specifically, Joy has argued that OAPA unlawfully tolled the service of his state sentence during the period of his service of a sentence for federal bank robbery offenses, and also that OAPA unlawfully aggregated time from a separate sentence he had already served to unlawfully extend his sentence. OAPA filed a motion to dismiss, arguing that Joy's petition did not comport with the mandatory filing requirements of R.C. 2969.25 and also that he failed to exhaust alternative remedies.[1] On August 11, 2021, this court's magistrate issued

---

[1] Respondent OAPA's alternative argument suggested that relator was required to advance his argument in a petition for writ of habeas corpus, despite the fact that his argument did not demand his immediate release from confinement. Respondent abandoned this argument in its reply memorandum to the magistrate and did not file a response to relator's objection to the magistrate's decision.

a decision which is appended hereto, recommending the court grant to the motion to dismiss because the petition failed to comply with R.C. 2969.25(A). Joy has objected to the magistrate's recommendation, arguing that the magistrate "erred in his application of the mandatory filing requirements of R.C. 2969.25(A)(1)." (Aug. 31, 2021 Obj. at 1.)

{¶ 2} A writ of mandamus will issue to compel a public officer to perform a legally required act. The relator must establish a clear legal right to the performance of the act, a clear legal duty by the respondent to perform the act, and that the relator lacks an adequate remedy in the ordinary course of law. *See, e.g., State ex rel. Am. Civ. Liberties Union of Ohio, Inc. v. Cuyahoga Cty. Bd. of Commrs.,* 128 Ohio St.3d 256, 2011-Ohio-625, ¶ 22. To prevail, the relator must show entitlement to the performance of the act by clear and convincing evidence. *See, e.g., State ex rel. Doner v. Zody*, 130 Ohio St.3d 446, 2011-Ohio-6117, ¶ 55-57 (citing cases). Dismissal of a mandamus petition is appropriate when it " 'appear[s] beyond doubt from the complaint that the relator can prove no set of facts warranting relief, after all factual allegations of the complaint are presumed true and all reasonable inferences are made in the relator's favor.' " *State ex rel. Peoples v. Schneider*, 159 Ohio St.3d 360, 2020-Ohio-1071, ¶ 6, quoting *State ex rel. Zander v. Judge of Summit Cty. Common Pleas Court*, 156 Ohio St.3d 466, 2019-Ohio-1704, ¶ 4.

{¶ 3} Here, the magistrate recommended dismissing Joy's petition for failure to comply with R.C. 2969.25(A). The statute provides:

> At the time that an inmate commences a civil action or appeal against a government entity or employee, the inmate shall file with the court an affidavit that contains a description of each civil action or appeal of a civil action that the inmate has filed in the previous five years in any state or federal court. The affidavit shall include all of the following for each of those civil actions or appeals:
>
> (1) A brief description of the nature of the civil action or appeal;
>
> (2) The case name, case number, and the court in which the civil action or appeal was brought;
>
> (3) The name of each party to the civil action or appeal;
>
> (4) The outcome of the civil action or appeal, including whether the court dismissed the civil action or appeal as frivolous or malicious under state or federal law or rule of court, whether the court made an award against the inmate or the inmate's

counsel of record for frivolous conduct under section 2323.51 of the Revised Code, another statute, or a rule of court, and, if the court so dismissed the action or appeal or made an award of that nature, the date of the final order affirming the dismissal or award.

"Compliance with R.C. 2969.25(A) is mandatory, and failure to comply will warrant dismissal." *State v. Henton*, 146 Ohio St.3d 9, 2016-Ohio-1518, ¶ 3. The statute requires strict compliance. *State ex rel. Swanson v. Ohio Dept. of Rehab. & Corr.*, 156 Ohio St.3d 408, 2019-Ohio-1271, ¶ 6, citing *Henton* at ¶ 4. An affidavit that lists some but not all prior actions will be dismissed for lack of compliance. *Id.*, citing *Robinson v. LaRose*, 147 Ohio St.3d 473, 2016-Ohio-7647, ¶ 11.

{¶ 4} In this case, there is no question that Joy attached a R.C. 2969.25(A) affidavit to his mandamus petition, nor is there any question that the affidavit listed all of the civil actions previously filed. His affidavit provides the case caption of his sole previously filed case, the case number, the court of filing, the name of the petitioner, the name of the respondent, the outcome of the case as a voluntary dismissal, and a statement that he has filed no other actions in any state or federal court. Accordingly, it is undisputed that Joy's affidavit satisfies the requirements of subsections (A)(2), (A)(3), and (A)(4) of the statute. The only question for this court is whether the affidavit satisfies subsection (A)(1) of the statute, by providing a "brief description of the nature of the civil action or appeal."

{¶ 5} The magistrate concluded that it did not. Joy's affidavit simply identifies his prior civil action as a "Petition for Writ of Habeas Corpus," and the magistrate concluded that this was insufficient under case law to describe the "nature of the civil action." The magistrate's analysis follows *State ex rel. Kimbro v. Glavas*, 97 Ohio St.3d 197, 2002-Ohio-5808, in which the Supreme Court of Ohio concluded that a "brief description" of an appeal simply noting that it was "an appeal of a 'civil petition' " was insufficient to identify the "nature of the [prior] civil action" and therefore failed to comply with R.C. 2969.25(A)(1). *Id.* at ¶ 2. *See also State ex rel. Bey v. Ohio Bur. of Sentence Computation,* 10th Dist. No. 19AP-46, 2021-Ohio-70, ¶ 6-11 (dismissing a petition for mandamus where "review of the complaints and documents filed by relator show[ed] that * * * relator has failed to file an affidavit of prior actions that contains all of the information required by R.C. 2969.25(A)."). The magistrate concluded that Joy's "vague description" of his prior action as a "Petition

for Writ of Habeas Corpus" was "insufficient to comply with R.C. 2969.25(A) under the court's holding in *Bey*." (Mag.'s Decision at ¶ 20.)

{¶ 6} In response, Joy argues that in a recent case from the Supreme Court reached the opposition conclusion—that the language "a request for a writ of habeas corpus" was sufficient to describe the "nature of the civil action" under R.C. 2969.25(A)(1). In the course of its analysis in *State ex rel. Sands v. Kelly*, 164 Ohio St.3d 449, 2021-Ohio-769, the Supreme Court observed:

> Sands filed an affidavit with his complaint that included three sections containing information required under R.C. 2969.25(A)(2) through (4). Section 2 of the affidavit listed the case names, case numbers, and courts for 11 cases in which Sands was a party. *He indicated that two of the cases involved a request for a writ of habeas corpus, but he did not describe the nature of any of the other cases listed in section 2.*

(Emphasis added.) *Id.* at ¶ 4. Joy argues that the Court's language suggests that it considers the phrase "request for writ of habeas corpus" to sufficiently describe the "nature of the civil action," because of the distinction the Supreme Court draws between Sands' two habeas corpus cases and his remaining nine undescribed civil cases. Based on this distinction, Joy argues that because his only prior action was a petition for a writ of habeas corpus, his description of the actions as a "Petition for Writ of Habeas Corpus" was sufficient to identify and describe that action under R.C. 2969.25(A)(1) and *Sands*. He accordingly contends that the magistrate's conclusion to the contrary was erroneous.

{¶ 7} The respondent has not offered a response to Joy's argument, and we find it persuasive. An action for habeas corpus in the state of Ohio always seeks the same kind of relief—it tests the legality of detention or imprisonment, and seeks immediate release from custody. There is no reasonable method to give more information about the "nature of the civil action" of habeas corpus without a full description of the facts of the claims, something that has never been required by R.C. 2969.25(A)(1). Because the magistrate's decision concludes that more detail is needed in an R.C. 2969.25(A)(1) petition to describe a habeas corpus action, it is inconsistent with the analysis in *Sands*, and we conclude that it is error.

{¶ 8} For these reasons, we sustain Joy's objection to the magistrate's decision. The decision is vacated, and the case is referred back to the magistrate in accordance with the original appointment for further determination.

*Objection sustained, decision vacated*
*and cause referred back to magistrate.*

KLATT and NELSON, JJ., concur.

NELSON, J., retired, of the Tenth Appellate District, assigned to active duty under the authority of the Ohio Constitution, Article IV, Section 6(C).

————————————

**APPENDIX**

IN THE COURT OF APPEALS OF OHIO

TENTH APPELLATE DISTRICT

| | | |
|---|---|---|
| State ex rel. Mark Joy, | : | |
| Relator, | : | |
| v. | : | No. 21AP-293 |
| Ohio Adult Parole Authority, | : | (REGULAR CALENDAR) |
| Respondent. | : | |

M A G I S T R A T E ' S   D E C I S I O N

Rendered on August 11, 2021

*Mark Joy,* pro se.

*Dave Yost,* Attorney General, and *Tony H. Shang,* for respondent.

IN MANDAMUS
ON RESPONDENT'S MOTION TO DISMISS

{¶ 9} Relator, Mark Joy, has filed this original action requesting that this court issue a writ of mandamus ordering respondent, Ohio Adult Parole Authority ("OAPA"), to count as time served the "lost time" it unlawfully tolled or to remove the time it unlawfully aggregated. OAPA has filed a motion to dismiss.

Findings of Fact:

{¶ 10} 1. Relator is an inmate incarcerated at Marion Correctional Institution.

{¶ 11} 2. OAPA is a governmental agency responsible for, among other things, the release and supervision of adult felony offenders returning to local communities from prison.

{¶ 12} 3. On June 11, 2021, relator filed the instant mandamus action asking this court to order OAPA to count as time served the "lost time" it unlawfully tolled or to remove the time it unlawfully aggregated.

{¶ 13} 4. At the time relator filed this mandamus action, he filed an affidavit of prior civil actions as required by R.C. 2969.25(A). The affidavit provided, in pertinent part, the following: "A. The nature of the action was a Petition for Writ of Habeas Corpus[.]"

{¶ 14} 5. On July 15, 2021, OAPA filed a motion to dismiss pursuant to Civ.R. 12(B)(6) based upon (1) relator's failure to comply with R.C. 2969.25(A), asserting that relator's affidavit of prior civil actions was insufficient because it did not include all of the information required by statute; and (2) relator's failure to exhaust the alternative, less extreme remedies that were available to him prior to seeking a writ of mandamus.

{¶ 15} 6. On August 4, 2021, relator filed a memorandum contra, claiming that his brief description of the nature of the action as "Petition for Writ of Habeas Corpus" provided in his affidavit meets the requirements of R.C. 2969.25(A)(1), and he had no other adequate remedies.

Conclusions of Law:

{¶ 16} The magistrate recommends that this court grant OAPA's motion to dismiss this action because relator has failed to comply with the requirements of R.C. 2969.25(A).

{¶ 17} A motion to dismiss pursuant to Civ.R. 12(B)(6) tests the sufficiency of the complaint. "In order for a court to dismiss a case pursuant to Civ.R. 12(B)(6) 'it must appear beyond doubt from the complaint that the plaintiff can prove no set of facts entitling him to recovery.' " *T & M Machines, LLC* at ¶ 10, quoting *O'Brien v. Univ. Community Tenants Union, Inc.*, 42 Ohio St.2d 242 (1975), syllabus. In construing a complaint upon a Civ.R. 12(B)(6) motion, a court must presume that all factual allegations in the complaint are true and make all reasonable inferences in the plaintiff's favor. *LeRoy v. Allen, Yurasek & Merklin*, 114 Ohio St.3d 323, 2007-Ohio-3608, ¶ 14.

{¶ 18} R.C. 2969.25(A) requires an inmate to file, at the time he commences a civil action against a governmental entity or employee, an affidavit listing each civil action or appeal of a civil action that he filed in the past five years. R.C. 2969.25(A) provides:

> At the time that an inmate commences a civil action or appeal against a government entity or employee, the inmate shall file with the court an affidavit that contains a description of each civil action or appeal of a civil action that the inmate has filed in the previous five years in any state or federal court. The affidavit shall include all of the following for each of those civil actions or appeals:
>
> (1) A brief description of the nature of the civil action or appeal[.]

R.C. 2969.25 (A)(1).

{¶ 19} R.C. 2969.25 requires strict compliance. *State ex rel. Swanson v. Ohio Dept. of Rehab. & Corr.*, 156 Ohio St.3d 408, 2019-Ohio-1271, ¶ 6. Compliance with the provisions of R.C. 2969.25 is mandatory and the failure to satisfy the statutory requirements is grounds for dismissal of the action. *State ex rel. Washington v. Ohio Adult Parole Auth.*, 87 Ohio St.3d 258 (1999); *State ex rel. Zanders v. Ohio Parole Bd.*, 82 Ohio St.3d 421 (1998). Nothing in R.C. 2969.25 permits substantial compliance. *State ex rel. Manns v. Henson*, 119 Ohio St.3d 348, 2008-Ohio-4478, ¶ 4, citing *Martin v. Ghee*, 10th Dist. No. 01AP-1380, 2002-Ohio-1621. Furthermore, the failure to comply with R.C. 2969.25 cannot be cured at a later date by belatedly attempting to file a complaint affidavit. *State ex rel. Young v. Clipper*, 142 Ohio St.3d 318, 2015-Ohio-1351, ¶ 9.

{¶ 20} In the present case, a review of relator's affidavit filed with his complaint in mandamus reveals that relator has failed to file an affidavit of prior civil actions that contains all of the information required by R.C. 2969.25(A). Although relator indicated in the affidavit that the prior action was a "Petition for Writ of Habeas Corpus," such does not comply with the requirement in R.C. 2969.25(A)(1) that the affidavit contain a brief description of the nature of the civil action. *See State ex rel. Bey v. [Ohio] Bur. of Sentence Computation*, 10th Dist. No. 19AP-46, 2021-Ohio-70, ¶ 6-11 (dismissal of mandamus action appropriate when the affidavit indicated the general type of action filed in most of the cases, *e.g.*, original action in mandamus or writ of habeas corpus, but it did not actually describe the nature of the actions, such as describing that the cases are original actions in mandamus

to compel compliance with a public records request or to compel the judge to vacate relator's guilty pleas to the offense of murder). Relator's affidavit fails to actually describe the nature of the action, beyond the general description of "Petition for Writ of Habeas Corpus." This vague description is insufficient to comply with R.C. 2969.25(A) under the court's holding in *Bey*.

{¶ 21} Furthermore, given the above disposition, the magistrate need not address OAPA's other ground for granting its motion to dismiss.

{¶ 22} Accordingly, it is the magistrate's decision that, based upon relator's failure to comply with the mandatory filing requirements of R.C. 2969.25(A), this court should grant OAPA's motion to dismiss relator's complaint for writ of mandamus.


/S/ MAGISTRATE
THOMAS W. SCHOLL III


**NOTICE TO THE PARTIES**

Civ.R. 53(D)(3)(a)(iii) provides that a party shall not assign as error on appeal the court's adoption of any factual finding or legal conclusion, whether or not specifically designated as a finding of fact or conclusion of law under Civ.R. 53(D)(3)(a)(ii), unless the party timely and specifically objects to that factual finding or legal conclusion as required by Civ.R. 53(D)(3)(b).