THE STATE, EX REL. PUTHOFF, *v.* CULLEN, RECORDER.

(No. 6032—Decided January 6, 1966.)

*Messrs. Dence & Stutz,* for relator.

*Mr. Harry Friberg,* prosecuting attorney, and *Mr. Thomas G. Mattimoe,* for respondent.

*Per Curiam.* This is an action filed by Florence E. Puthoff, relator, in this court for a writ of mandamus requiring the respondent, Gerald Cullen, Lucas County Recorder, to expunge and cancel from Volume 1865, page 284, Record of Deeds, Lucas County, Ohio, in the office of the County Recorder, an instrument labeled "Contract to Purchase Real Estate," dated September 22, 1964, and to have this court adjudge and decree the recording of such contract as null and void *ab initio.*

The petition of relator and the admissions in the answer of respondent further show that the premises described in the

contract is located at 130 Rosalind Place, Toledo, Lucas County, Ohio, and that legal title to the premises has been in the relator continuously from a date prior to the date of the contract and still is; that this contract, attached as an exhibit to the petition, is signed by the relator as seller and by the purchaser, but both signatures are not witnessed or acknowledged by any person authorized to take acknowledgments; that this contract is an instrument not entitled to recording in the records kept by the County Recorder pursuant to Section 317.08 of the Revised Code; and that such contract was unlawfully recorded contrary to Section 5301.01 of the Revised Code, and creates a cloud upon the title to the property. Upon oral representation by counsel for both parties to this court it is admitted that counsel for the relator, on her behalf, has made demand upon the respondent to expunge and cancel this contract from the deed records in the office of the Recorder of Lucas County, Ohio, and the demand has been refused.

The contract in this case, although labeled "Contract to Purchase Real Estate," is not an executory installment contract for the sale of land, but is, in fact, an instrument commonly referred to as an accepted "offer to purchase." It obligates the seller to convey the property by warranty deed when and if the purchaser pays the total amount of the purchase price of $6,500 in one transaction. The purchase price involves a cash payment of $3,020 and the execution and delivery by the purchaser to the seller of a second mortgage of $3,480 payable in one hundred and twenty equal installments. The promise to give a second mortgage is merely payment of part of the purchase price in one transaction and does not convert this executed contract into an executory installment contract.

The first legal question presented by these facts is whether this contract to purchase real estate is an instrument entitled to be recorded under the laws of Ohio.

The pertinent applicable statutes authorizing recording of instruments in the office of the County Recorder concerned with this inquiry are the following:

Section 317.08. "The county recorder shall keep five separate sets of records as follows:
"* * * *

"(B) A record of mortgages, in which shall be recorded:

"\* \* \*

"(2) All executory installment contracts for the sale of land executed after September 29, 1961, which by the terms thereof are not required to be fully performed by one or more of the parties thereto within one year of the date of such contracts;

"\* \* \*"

Section 5301.01. "A deed, mortgage, land contract as referred to in division (B) (2) of Section 317.08 of the Revised Code, or lease of any interest in real property must be signed by the grantor, mortgagor, vendor, or lessor, and such signing must be acknowledged by the grantor, mortgagor, vendor, or lessor in the presence of two witnesses, who shall attest the signing and subscribe their names to the attestation. Such signing must be acknowledged by the grantor, mortgagor, vendor, or lessor before a judge of a court of record in this state or a clerk thereof, \* \* \* notary public, \* \* \* who shall certify the acknowledgement \* \* \*"

The controversial contract in this case is not an executory installment contract for the sale of land executed after September 29, 1961, as described in Section 317.08 (B) (2), for this statute contemplates the recording of what is commonly known as a "land contract" where the periodic purchase money installments will not be paid in their entirety within one year after the date of the contract. The instant Puthoff contract is an executed contract for the sale of land, in which the reciprocal obligations of both parties are to be completely performed in one transaction. This intent of the Legislature, that land contracts only, and not executed contracts commonly referred to as an accepted "offer to purchase," which were described and included for recording pursuant to Section 317.08 (B) (2) of the Revised Code, is revealed by the excerpted portion of Section 5301.01 of the Revised Code, above.

Even if the contract in this case is included within the class of contracts described for recording pursuant to Section 317.08 (B) (2), it is not entitled to recording because the signature of the vendor was not witnessed by two witnesses and was not acknowledged by the vendor before a notary public or other officer as prescribed in Section 5301.01 of the Revised Code, above. An instrument which is not executed in the manner pre-

scribed in Section 5301.01 of the Revised Code is a defectively executed instrument which is not entitled to record. The provisions of Section 5301.01 are mandatory, and the County Recorder is not at liberty to record instruments that do not meet the statutory requirements. *Toussaint Shooting Club* v. *Schwartz*, 84 Ohio St. 440; *Langmede* v. *Weaver*, 65 Ohio St. 17; Opinions of Attorney General (1940), 911, No. 2857.

The foregoing conclusion is fortified by the fact that, prior to the enactment of Section 317.08 of the Revised Code in its present form, effective August 19, 1963, it was uniformly held that an executory contract for the sale of land was not entitled to be recorded, and that the basis for such holding was that the statutes then in effect made no provision for the recording of such an instrument. *Churchill* v. *Little*, 23 Ohio St. 301; *Kessler* v. *Bowers*, 23 Ohio App. 194; *Standard Oil Co.* v. *Moon*, 34 Ohio App. 123.

The next legal question is whether the remedy of mandamus may be employed to require a County Recorder to expunge or cancel from the deed records an instrument not legally entitled to be recorded when the recording materially affects a private interest.

It has already been concluded that the County Recorder was specially enjoined by law not to record the executed contract in the instant case. It follows as a corollary that the County Recorder is specially enjoined to cancel and remove from the records what he should not have recorded in the first instance. Mandamus is an appropriate remedy to enforce the ministerial duty of a County Recorder. *State, ex rel. Ferris*, v. *Shaver, Recorder*, 163 Ohio St. 325; *State, ex rel. Herzog*, v. *Koelling, Recorder*, 229 S. W. 2d 252; *People, ex rel. Gilbert*, v. *Hurley*, 336 Ill. App. 205, 83 N. E. 2d 512. The courts have equity power to annul a public record where private rights are invaded or where the forms of law are used to perpetrate a fraud, establish an unfounded claim, or injuriously affect or threaten the property rights of a person. 45 American Jurisprudence 424, Records and Recording Laws, Section 11.

The argument that the writ of mandamus should be denied because the relator has an adequate remedy at law ignores the often stated proposition that the Court of Appeals has discretion to issue a writ of mandamus although there exists a plain

and adequate remedy at law. *State, ex rel. Spiccia,* v. *Abate, Bldg. Commr.,* 2 Ohio St 2d 129, at page 130 in the opinion; *State, ex rel. Grant, Exr.,* v. *Kiefaber et al., Montgomery County Planning Commission,* 171 Ohio St. 326. The Ohio Supreme Court will not interfere with the exercise of such discretion by an appellate court. *State, ex rel. Wesselman,* v. *Board of Elections of Hamilton County,* 170 Ohio St. 30; *State, ex rel. Killeen Realty Co.,* v. *City of East Cleveland,* 169 Ohio St. 375.

The peremptory writ of mandamus is, therefore, allowed ordering the County Recorder of Lucas County to enter on the face of the recording of such "Contract to Purchase Real Estate," or on the margin thereof, that such instrument was not recorded according to law, is not considered an instrument of record, and that such recording is null and void *ab initio.*

*Writ allowed.*

Smith, P. J., Brown and Straub, JJ., concur.