DECISION AND JUDGMENT ENTRY
{¶ 1} This cause is before the court upon a motion to dismiss relator State of Ohio ex rel. Jamie Edsall's complaint for writ of mandamus. The motion was filed by respondent Dock Pigmon, and joined in by respondent the Clerk of Williams County *Page 2 
Courts. Relator filed an objection thereto. Upon review of the record, the arguments of the parties, and the applicable law, we find the motion well-taken.
 {¶ 2} The following is a statement of facts that was agreed upon by relator and the Williams County Clerk of Courts:[1]
 {¶ 3} 1. For relevant time periods the Clerk of Courts of Williams County, Ohio was Sharon Miller in 1996 through 1999. Sharon Miller is no longer the Williams County Clerk of Courts. Kimberly Herman is currently the Williams County Clerk of Courts.
 {¶ 4} 2. On September 17, 1996, Jamie Edsall purchased a 1978 Harley Davidson motorcycle from Dock Pigmon. In order to purchase the motorcycle, Ms. Edsall borrowed a principal amount of $6,651.34 from formerly First National Bank Northwest Ohio, now MidAm Bank. Dock Pigmon was a co-signer of the loan. The first lien holder noted on the certificate of title was First National Bank of Northwest Ohio.
 {¶ 5} 3. Dock Pigmon was listed as the second lien holder on the certificate of title issued September 17, 1996.
 {¶ 6} 4. In May 1999, upon release of the valid security interest by MidAm Bank, Ms. Edsall attempted to obtain the title to the motorcycle free of all security interests. *Page 3 
 {¶ 7} 5. On May 6, 1999, after receiving evidence of the release of the valid security interest by MidAm Bank, Ms. Edsall attempted to obtain the title to the motorcycle free of all security interests.
 {¶ 8} 6. On May 12, 1999, without Ms. Edsall's knowledge or consent and after realizing the error, the clerk issued a correction replacement title relisting the Pigmon lien in first position.
 {¶ 9} 7. On June 10, 1999, Dock Pigmon appeared at the title department and indicated that he was repossessing the motorcycle.
 {¶ 10} 8. On June 17, 1999, the clerk issued a title in the name of Dock Pigmon based upon his representation of repossession.
 {¶ 11} 9. Due to the complicated circumstances, the clerk forwarded the information to the Ohio BMV for guidance.
 {¶ 12} 10. On July 16, 1999, the Williams County Clerk of Courts, Sharon Miller, issued an Ohio certificate of title for the 1978 Harley-Davidson motorcycle in the name of Jamie Edsall listing Dock Pigmon as a first lien holder.
 {¶ 13} 11. In July 1999, the clerk of courts corresponded with Ohio BMV indicating the title issued in the name of Dock Pigmon should be cancelled as it was issued in error based upon the wrong evidence and that Dock Pigmon should be restored on the title as a lien holder.
 {¶ 14} 12. The Ohio BMV provided written confirmation of these actions on July 21 and July 23, 1999. *Page 4 
 {¶ 15} 13. As a matter of law, the clerk of courts owes a duty as a public official in charge of the Title Department to place only validly executed security interests on the title to any vehicle.
 {¶ 16} 14. Ms. Edsall contacted the clerk of courts and attempted to have the first lien removed from the title, asserting that it was not a validly executed security interest on the title.
 {¶ 17} 15. The clerk of courts has contacted the State Motor Vehicle Registrar for guidance and assistance and has been advised that this is a civil matter between Ms. Edsall and Mr. Pigmon and not a matter for the clerk of courts to resolve.
 {¶ 18} 16. The title to the 1978 Harley Davidson has been in the possession of the clerk of courts since July 1999, anticipating possible litigation concerning the title.
 {¶ 19} 17. At that time, Ms. Edsall retained counsel to represent her in an attempt to resolve the outstanding issues concerning the title. Respondent's legal counsel and relator's legal counsel exchanged correspondence and communicated for several months in an attempt to resolve this matter. No resolution was reached as to the outstanding issues.
 {¶ 20} 18. Dock Pigmon through his counsel was contacted and requested to sign off on the title on several occasions. He refused to do so, without any comment as to the validity or nature of his alleged lien.
 {¶ 21} 19. In July 2006, relator, by new counsel, again contacted the Williams County Clerk of Courts, now Kimberly Herman, in an attempt to resolve the outstanding *Page 5 
issues. After several more months of communications between relator's counsel and the clerk of court's counsel no resolution to this matter was reached.
 {¶ 22} 20. On December 4, 2006, relator filed her complaint for writ of mandamus in this court.
 {¶ 23} To establish a right to a writ of mandamus, a relator must demonstrate: (1) that the relator has a clear legal right to the requested relief; (2) that the respondent has a clear legal duty to perform the requested relief; and (3) that there is no adequate remedy at law. State ex rel. Manson v. Morris (1993), 66 Ohio St.3d 440, 441;State ex rel. Harris v. Toledo (1995), 74 Ohio St.3d 36, 37.
 {¶ 24} We initially find that relator has failed to establish that she has a clear legal right to the requested relief. Although relator maintains that the Pigmon lien that appears on the title to her 1978 Harley Davidson motorcycle is an invalid security interest, she has produced no evidence that a release of lien has been given or that it was placed in error. As noted above, in June 1999, Pigmon attempted to repossess the motorcycle. This is not an action taken by someone who claims no interest in the property. Thus, the facts indicate that a real controversy exists as to the validity of Pigmon's lien.
 {¶ 25} The facts additionally reveal that the real controversy in this case is between relator and Pigmon, and not between relator and the Clerk of Williams County Courts. As such, relator clearly has an adequate remedy at law. Relator could: (1) bring suit against Pigmon seeking declaratory judgment of their respective interests in the motorcycle; (2) bring an action for partition forcing Pigmon to come forward and *Page 6 
disclose the nature of his interest; or (3) file suit against Pigmon for his failure to release the lien at issue, if in fact the lien is invalid, in a slander of title action. Instead, relator filed this action in mandamus.
 {¶ 26} Mandamus is an extraordinary remedy which is to be exercised with caution and only when the right is clear; it should not be issued in doubtful cases. State ex rel. Pacific Financial Services v.Fuerst, 8th Dist. No. 81011, 2002-Ohio-2614, ¶ 2. Because relator lacks a clear right to mandamus in this case, Pigmon's motion to dismiss is found well-taken and is granted. Costs assessed to relator.
WRIT DENIED.
Pursuant to Civ.R. 58(B), the clerk is directed to serve all partiesnot in default for failure to appear notice of this judgment and itsdate of entry on the journal.
Peter M. Handwork, J., Arlene Singer, J., William J. Skow, J., CONCUR.
[1] The statement of facts was filed before Dock Pigmon was joined in this action as a respondent. Pigmon has never disputed these facts. *Page 1