[Cite as *State ex rel. Gormley v. Jordan*, 2020-Ohio-4759.]

COURT OF APPEALS
DELAWARE COUNTY, OHIO
FIFTH APPELLATE DISTRICT

|  |  |  |
|---|---|---|
| | | JUDGES: |
| STATE OF OHIO, EX REL. | : | Hon. William B. Hoffman, P.J. |
| DAVID GORMLEY | : | Hon. W. Scott Gwin, J. |
| | : | Hon. John W. Wise, J. |
| Relator | : | |
| | : | |
| -vs- | : | Case No. 20 CAD 07 0029 |
| | : | |
| MELISSA JORDAN | : | |
| DELAWARE COUNTY RECORDER | : | OPINION |
| Respondent | | |

CHARACTER OF PROCEEDING:        Writ of Mandamus

JUDGMENT:        Dismissed

DATE OF JUDGMENT ENTRY:        September 30, 2020

APPEARANCES:

For Relator                                      For Respondent

Thayne D. Gray                              David Homer
Special Prosecuting Attorney          Special Counsel for Delaware
for Delaware County                        County Recorder's Office
249 West Fifth Street                       60 East High Street
Marysville, Ohio 43040                    Mt. Gilead, Ohio 43338

*Gwin, .J.,*

## FACTUAL BACKGROUND AND PROCEDURAL HISTORY

{¶1} This matter is before the Court upon a Complaint for Writ of Mandamus Relator, Judge David Gormley filed against Respondent, Melissa Jordan. The Complaint asks the Court to direct Respondent Jordan to expunge and cancel UCC Financing Statements from the official records of the Delaware County Recorder and delete them from the index of the records.

{¶2} Relator, David M. Gormley, is a judge elected to the Delaware County Court of Common Pleas. (Complaint Mandamus at ¶ 1) Respondent, Melissa Jordan is the duly elected Delaware County Recorder. (*Id.* at ¶ 3) In 2017, Relator Gormley presided over a foreclosure action that involved Jennifer St Jacques as the defendant. (*Id.* at ¶ 6) Relator Gormley entered a Judgement Entry Decree of Foreclosure against St Jacques in favor of Bank of America in the amount of $223,611.15, plus interest and costs. (*Id.* at ¶ 7) Relator Gormley also entered judgment against St Jacques in favor of Ladder Landscaping in the amount of $3,926.53, plus interest. (*Id.*) St Jacques's property was appraised at $360,000 and was to be sold at Sheriff's sale on April 24, 2019. (*Id.* at ¶ 8)

{¶3} Subsequently, St Jacques filed a UCC Financing Statement naming Relator Gormley as the debtor on a lien for $360,149.43. (*Id.* at ¶¶ 9,13) The Complaint alleges the Financing Statement was "spurious" in nature, claiming "to have delivered agricultural products 'under a contract with Countrywide Home Loans Inc. Inc. (sic), AKA Bank of America, c/o Court of Common Pleas Delaware County, Ohio David M. Gormley agricultural product handler.' " (*Id.* at ¶ 10) The Financing Statement identifies Relator

Gormley's address in 2003 as the Delaware Courthouse, before it was constructed. (*Id.* at ¶¶ 10-12)

{¶4} Despite the alleged false nature of the document, Respondent Jordan recorded the document while acting in her capacity as the Delaware County Recorder. (*Id.* at ¶ 14) St Jacques later amended the recording and refiled the document as a "Mech Lien." (*Id.* at ¶ 15) Days after recording the first Financing Statement, Respondent Jordan accepted a second alleged "spurious" UCC Financing Statement for "feeding and keeping livestock" in the same amount, again naming Relator Gormley as the debtor. (*Id.* at ¶ 16)

{¶5} Thereafter, Relator Gormley filed this Complaint for Writ of Mandamus claiming Respondent Jordan had a "clear legal duty" to reject the filings and acceptance of the alleged fraudulent records clouds the title of his real estate and could impact his credit. (*Id.* at ¶¶ 24,26) The Complaint seeks to have Respondent Jordan strike and withdraw the Financing Statements from the official records of the Delaware County Recorder and delete these documents from the index of the records. (Complaint Mandamus at p. 7)

{¶6} Respondent Jordan answered and moved to dismiss the Complaint. Respondent Jordan asserts she had no factual knowledge of the relationship between Relator Gormley and St Jacques and she violated no existing duty. (Answer at p. 7) Respondent Jordan also argues St Jacques should be a party to this action, rather than herself, because it is St Jacques's fraudulent documents that are in question. (*Id.*)

**MANDAMUS ELEMENTS AND CIV.R.12(B)(6) STANDARD**

{¶7} To be entitled to a writ of mandamus, three elements must be proven by clear and convincing evidence. They are: (1) a clear legal right to the requested relief, (2)

a clear legal duty on the part of the respondent to provide it, and (3) the lack of an adequate remedy in the ordinary course of the law. *State ex rel. Zander v. Judge of Summit Cty. Common Pleas Court*, 156 Ohio St.3d 466, 2019-Ohio-1704, 129 N.E.3d 401, ¶ 4. "Mandamus is an extraordinary remedy 'to be issued with great caution and discretion and only when the way is clear.' " *State ex rel. Taylor v. Glasser*, 50 Ohio St.2d 165, 166, 364 N.E.2d 1 (1977), citing *State ex rel. Kriss v. Richards*, 102 Ohio St. 455, 457, 132 N.E. 23 (1921), and *State ex rel. Skinner Engine Co. v. Kouri*, 136 Ohio St. 343, 25 N.E.2d 940 (1940), paragraph one of the syllabus.

> 'It is a well-settled general rule in Ohio that the issuance of a writ of mandamus rests, to a considerable extent at least, within the sound discretion of the court to which application for the writ is made. The writ is not demandable as a matter of right, or at least is not wholly a matter of right; nor will it issue unless the relator has a clear right to the relief sought, and makes a clear case for the issuance of the writ. The facts submitted and the proof produced must be plain, clear, and convincing before a court is justified in using the strong arm of the law by way of granting the writ.'

{¶8} (Citation omitted.) *State ex rel. Pressley v. Indus. Comm.*, 11 Ohio St.2d 141, 161, 228 N.E.2d 631 (1967).

{¶9} Respondent Jordan moved to dismiss Relator Gormley's Complaint under Civ.R. 12(B)(6). The purpose of a Civ.R. 12(B)(6) motion is to test the sufficiency of the complaint. *State ex rel. Boggs v. Springfield Loc. School Dist. Bd. of Edn.*, 72 Ohio St.3d 94, 95, 647 N.E.2d 788 (1995). In order for a case to be dismissed for failure to state a claim, it must appear beyond doubt that, even assuming all factual allegations in the

complaint are true, the nonmoving party can prove no set of facts that would entitle that party to the relief requested. *State ex rel. Zander*, 2019-Ohio-1704, 129 N.E.3d 401, ¶ 4. Further, in considering a motion to dismiss under Civ.R. 12(B)(6), a court is permitted, under Civ.R. 10, to consider written instruments if they are attached to the complaint. (Citations omitted.) *Natl. City Mtge. Co. v. Wellman*, 174 Ohio App.3d 622, 2008-Ohio-207, 883 N.E.2d 1122, ¶ 17 (4th Dist.).

{¶10} In this present case, Relator Gormley attached the two Financing Statements to his Complaint for Writ of Mandamus, which the Court will review. The two documents attached to Respondent Jordan's reply in support of her Motion to Dismiss will not be considered as they are not properly before the Court for a Civ.R. 12(B)(6) analysis.

## LEGAL ANALYSIS

A. <u>Relator Gormley's right to the requested relief and legal duty of Delaware County Recorder to provide requested relief</u>

{¶10} In analyzing whether Relator Gormley is entitled to mandamus relief, we must review the relief he requests and determine whether Respondent Jordan had a duty to provide the requested relief. Specifically, Relator Gormley requests a writ "to expunge and cancel from the records kept by her [Recorder] these documents [Financing Statements], and to adjudge and decree recording such UCC Financing Statements as null and void *ab initio*." (Complaint Mandamus at p. 3) Relator Gormley does not allege Respondent Jordan was under a clear legal duty to expunge and cancel the Financing Statements or to declare them null and void ab initio. Instead, he alleges Respondent Jordan "had a clear legal duty to reject the filing under law." (*Id*. at ¶ 24)

1. <u>Respondent Jordan's legal duty to reject the UCC Financing Statements</u>

{¶11} Relator Gormley alleges Respondent Jordan should have rejected the Financing Statements for filing. (Complaint Mandamus at ¶ 24) We disagree and conclude Respondent Jordan had no legal duty, under the law, to reject the filings and this Court cannot create one. "A writ of mandamus is an order * * * to perform an act which the law specifically enjoins as a duty resulting from his office." *State ex rel. Hodges v. Taft*, 64 Ohio St.3d 1, 3, 591 N.E.2d 1186 (1992); R.C. 2731.01. Mandamus relief is "premature and inappropriate" in the absence of a statutory duty. *See State ex rel. Ruggles v. Howser*, 12th Dist. Brown No. 87-11-017, 1988 WL 41496 (May 2, 1988), *2.

{¶12}   "It is axiomatic that in mandamus proceedings, the creation of the legal duty that a relator seeks to enforce is the distinct function of the *legislative branch of government*, and courts are not authorized to create the legal duty enforceable in mandamus. (Emphasis sic; citations omitted.) *State ex rel. Pipoly v. State Teachers Retirement Sys.,* 95 Ohio St.3d 327, 2002-Ohio-2219, 767 N.E.2d 719, ¶ 18. *See also State ex rel. Stanley v. Cook*, 146 Ohio St. 348, 66 N.E.2d 207 (1946), paragraph eight of the syllabus ("In proceedings in mandamus a court cannot create a legal duty.") (Citation omitted.); *Davis v. State ex rel. Pecsok*, 130 Ohio St. 411, 200 N.E. 181 (1936), paragraph one of the syllabus ("In proceedings in mandamus a court cannot create a legal duty. The creation of a legal duty is a distinctive function of the legislative branch of government. The most that a court can do in mandamus is to command the performance of an act which the law specifically enjoins as a duty resulting from an office, trust, or station, when a clear right to such performance is presented."); *State ex rel. Citizens for Open, Responsive & Accountable Govt. v. Register*, 116 Ohio St.3d 88, 2007-Ohio-5542, 876 N.E.2d 913, ¶¶ 31-33, quoting *State ex rel. Lecklider v. School Emp. Retirement Sys.,*

104 Ohio St.3d 271, 2004-Ohio-6586, 819 N.E.2d 289, ¶ 23, (" 'In mandamus proceedings, the creation of the legal duty that a relator seeks to enforce is the distinct function of the legislative branch of government, and courts are not authorized to create the legal duty enforceable in mandamus.' ").

{¶13}  The Ohio Supreme Court has determined a county recorder is an elected public official charged with the performance of duties under R.C. 317.01 et seq. *State ex rel. Preston v. Shaver*, 172 Ohio St. 111, 114, 173 N.E.2d 758 (1961). As a ministerial officer, the recorder may exercise some discretion and "is not absolutely required to accept, record and index every instrument presented to him." *Id.* Further, R.C. 317.13(B) specifically provides the recorder has no duty to "inspect, evaluate, or investigate an instrument of writing that is presented for recording."

{¶14}  We acknowledge "[a] writ cannot issue to control an officer's exercise of discretion, but it can be issued to compel him to exercise it when he has a clear legal duty to do so." *State ex rel. Hodges*, 64 Ohio St.3d at 4, 591 N.E.2d 1186. Thus, the question becomes whether Respondent Jordan had a clear legal duty to exercise her discretion and reject the Financing Statements.

{¶15} Relator Gormley alleges Respondent Jordan "must record only those instruments that are 'required or authorized' by the Revised Code to be recorded and that are presented to the county recorder for that purpose. Ohio Rev. Code 317.13" (Complaint Mandamus at ¶ 18) Relator Gormley also alleges the Financing Statements should have been filed with the Ohio Secretary of State and not the county recorder. (*Id.* at ¶ 22) Thus, Relator Gormley concludes the Financing Statements were not "required

or authorized" by Ohio law to be filed in Respondent Jordan's office of Delaware County Recorder. (*Id.* at ¶ 23)

{¶16}   R.C. 317.13(A) addresses what a county recorder may accept for recording. Section (A) provides, in pertinent part: "[T]he county recorder shall record in the official records * * * all deeds, mortgages, plats, or other instruments of writing that are required or authorized by the Revised Code to be recorded and that are presented to the county recorder for that purpose. * * *" "An instrument of writing is required or authorized to be recorded when statutory authority expressly provides for the recording of such an instrument." 1990 Ohio Atty.Gen.Ops. No. 90-068. R.C. 317.08(A)(27) expressly authorizes the recording of agricultural product liens and mechanic liens, which are what the two Financing Statements pertain to here.

{¶17}   Further, R.C. 317.13(B) addresses what a county recorder may refuse to record. Section (B) provides:

> The County recorder may refuse to record an instrument of writing
> presented for recording if the instrument is not required or authorized by the
> Revised Code to be recorded or the county recorder has reasonable cause
> to believe the instrument is materially false or fraudulent. This division does
> not create a duty upon a recorder to inspect, evaluate, or investigate an
> instrument of writing that is presented for recording.

{¶18}   *See also Kirk Excavating & Constr., Inc. v. RKJ Ents., LLC*, 7th Dist. Carroll No. 18 CA 0926, 2018-Ohio-3735, 108 N.E.3d 1278, ¶ 25. ("R.C. 317.13 indicates a county recorder can refuse to record an instrument that is not authorized by the Revised Code or if the county recorder had reasonable cause to believe the instrument is

'materially false,' * * *") Therefore, although the recorder is a ministerial officer, she "may exercise discretion in refusing to record written instruments that do not conform to statutory requirements." *Wiley v. Triad Hunter Gathering LLC*, S.D.Ohio No. 2:12-cv-605, 2012 WL 6611480, *10 (Nov. 30, 2012).

{¶19} Relator Gormley does not allege Respondent Jordan should have had reasonable cause to believe the instruments were false or fraudulent or did not conform with statutory requirements. Rather, he alleges the two Financing Statements were not "required or authorized" because the *local* filing of Financing Statements is only permitted, under R.C. 1309.501, for security interests in: "Fixtures or goods that are to become fixtures, unless the debtor is a 'transmitting utility'; Timber to be cut; and as–extracted collateral oil, gas, or other minerals when the security interest attaches to them after they have been extracted, or accounts arising from the sale of this collateral 'at the wellhead or mine head.' " (Complaint Mandamus at ¶ 20) Relator Gormley concludes none of the above exceptions applied here (*id.* at ¶ 21), the Financing Statements should have been filed with the Ohio Secretary of State (*id.* at ¶ 22), and Respondent Jordan had a clear legal duty to reject them for filing (*id.* at ¶ 24).

{¶20} We disagree. In 1962, when the General Assembly enacted the Uniform Commercial Code in Ohio, the Ohio Attorney General issued an opinion regarding the recording of Financing Statements. The opinion held, among other things:

> The county recorder is not required to determine whether financing statements presented to him for filing under Sections 1309.39 and 1309.40, Revised Code, as effective July 1, 1962, are legally sufficient in that they substantially comply with the requirements of said sections, and other

provisions of the Act, but the county recorder may accept purported financing statements presented to him for filing if such instruments appear to be what they are purported to be.

{¶21} 1962 Ohio Atty.Gen.Ops. No. 3072.

{¶22} Under this opinion, Respondent Jordan had no duty to determine whether the two Financing Statements were legally sufficient and she was authorized to accept the two Financing Statements as long as the two documents appeared to be what they purported to be. Relator Gormley challenges the Financing Statements alleging they were filed in the wrong office. Even if that is so, the Financing Statements appear to be what they are purported to be and "[i]f the instrument appears to be of a type that is authorized to be recorded by the county recorder, the county recorder has a duty to record the instrument." 1996 Ohio Atty.Gen.Ops. No. 96-019.

{¶23} Therefore, we conclude Respondent Jordan had no legal duty to reject the Financing Statements. Rather, she was required and authorized to accept them for filing.

2. Respondent Jordan's legal duty to expunge and cancel the UCC Financing Statements

{¶24} Further, we find no authority, and Relator Gormley cites none, that permits a county recorder to alter a document after it has been filed. For example, in *Mason v. Adams Cty. Recorder*, S.D.Ohio No. 1:2016-CV-755, 2017 WL 1957964 (May 10, 2017), the court held county recorders could not redact racially restrictive covenants from the deeds and plat maps because it would require the recorders to alter documents already on file. *Id.* at *6. The court cited an Ohio Attorney General Opinion that explained the legislator had not granted the recorders the power to retroactively alter previously recorded documents. *Id.*, citing 1990 Ohio Atty.Gen.Ops. No. 90-113, 1990 WL 547013

(Dec. 31, 1990). The *Mason* court held, "[t]hough the Ohio legislature has given the Recorder the power to redact parts of a deed or plat map *before* filing, the legislature has not given the Recorder the power to make those changes to documents *after* filing." (Emphasis sic.) *Id.*

{¶25} The statutory authority to redact parts of documents before filing is found in R.C. 317.082(B). Under this statute, a county recorder is permitted to redact, before filing, personal information such as a social security number.

{¶26} Respondent Gormley cannot prove any set of facts establishing that Respondent Jordan had a clear legal duty to reject the UCC Financing Statements for filing. He also cannot establish he has a clear legal right to the requested relief of expungement and cancellation.

{¶27} We can certainly understand the unfortunate predicament created by the filing of these alleged false documents. However, the Court cannot order mandamus relief that requires Respondent Jordan to take certain actions she has no legal duty or authority to perform as Recorder. Instead, only the General Assembly could create the legal duty and authority to act as requested by Relator Gormley in his writ. Therefore, we conclude Relator Gormley has no right to the requested relief.

B. Adequate Remedy at Law

{¶28} Even if we determined Relator Gormley had a clear legal right to the requested relief and Respondent Jordan had a clear legal duty to provide it, dismissal of the writ is still appropriate because Relator Gormley has an adequate remedy at law by way of civil remedies against St Jacques. A relator cannot fulfill this requirement for mandamus relief when there exists an alternative remedy "through which he can achieve

the identical result he hopes to obtain in the mandamus action." (Citation omitted.) *State ex rel. Brown v. Logan*, 11th Dist. Trumbull No. 2004-T-0088, 2004-Ohio-6951, ¶ 4. An alternative remedy is "adequate" "when it is complete, beneficial, and speedy." (Citation omitted.) *Id.*

{¶29} As to this prong of the analysis, Relator Gormley claims he is entitled to mandamus relief because such relief is an appropriate remedy to enforce the ministerial duty of a county recorder not to accept documents for which there is no authority to record. (Relator's Memo. Contra at p. 2) In support of this argument, Relator Gormley cites *State ex rel. Puthoff v. Cullen*, 5 Ohio App.2d 13, 213 N.E.2d 201 (6th Dist.1966). In *Puthoff*, relator filed a mandamus action asking the recorder to expunge and cancel an instrument labeled, "Contract to Purchase Real Estate." *Id.* The court of appeals concluded relator was entitled to mandamus relief because the recorder recorded an instrument that was not entitled to recording in the first place. *Id.* at 14, 16. The facts in the present matter differ from *Puthoff*. Respondent Jordan accepted two Financing Statements that she is specifically authorized to accept for filing under R.C. 317.08(A)(27).

{¶30} Further, the case of *Bedford Associates, et al. v. William Coleman, et al.*, Cuyahoga C.P. No. CV-16-869226 (June 28, 2017) demonstrates the civil remedies available for the filing of false Financing Statements. In that case, Defendants filed three false Financing Statements – one with the Ohio Secretary of State and two with two different county recorder offices. *Id.* at p. 3. The court found defendants liable for the civil claims of slander of title, violations of Article 9 of the Uniform Commercial Code as codified in Ohio Revised Code 1309, and defamation of title. *Id.* at pp. 1-2. The court also awarded attorney fees, costs of removing the UCC liens, statutory damages under R.C.

1309.625(B), and punitive damages. Importantly, the court ordered the relief that Relator Gormley seeks here:

> The UCC Financing Statements filed by Defendants against the Plaintiffs are void, fraudulent and of no force and affect, and title to all personal and real property of the Plaintiffs is cleared of any such lien, claim or cloud by Defendants. This judgment and any former entries may be filed with the respective governmental offices and this Court directs the fiscal officers, government officers and clerks to remove any and all liens.

{¶31} *Id.* at p. 9.

{¶32} The *Bedford* court specifically relied on R.C. 1309.625, which provides penalties for a party's failure to comply with Chapter 1309. *Id.* at p. 7. These penalties include injunctive relief under subsection (A) of the statute and damages under subsection (B).

{¶33} Another example of the use of common law remedies to address the filing of an invalid lien may be found in *State of Ohio ex rel. Edsall v. Clerk of Williams Cty. Courts*, 6th Dist. Williams WM-06-016, 2007-Ohio-5751. In *Edsall*, Relator filed a mandamus action challenging the validity of a lien on a 1978 Harley Davidson motorcycle. The court of appeals granted respondent's motion to dismiss concluding relator was not entitled to mandamus relief because she had an adequate remedy at law. *Id.* at ¶ 26.

{¶34} Specifically, the court explained relator could file suit against the person who filed the lien for his failure to release the lien, if in fact the lien was invalid, in a slander of title action. *Id.* at ¶ 25. The court explained, "[m]andamus is an extraordinary remedy

which is to be exercised with caution and only when the right is clear; it should not be issued in doubtful cases. (Citation omitted.) *Id.* at ¶ 26.

{¶35} Likewise, here, Relator Gormley could obtain the relief he seeks here – a finding that the Financing Statements are null and void ab initio and a cancellation and expungement of these documents from the recorder's records – by pursuing common law civil remedies against St Jacques. Therefore, Relator Gormley has an adequate remedy at law available to him. Because Relator Gormley cannot prove any set of facts establishing that he has a right to the requested relief, that Respondent Jordan is under a legal duty to provide the requested relief, and that he does not have an adequate remedy at law, we grant Respondent Jordan's Motion to Dismiss.

MOTION GRANTED.

COMPLAINT DISMISSED.

COSTS TO RELATOR.

IT IS SO ORDERED.

By Gwin, J.,

Hoffman, P.J., and

Wise, John, J., concur