[Cite as *State ex rel. Davies v. Schroeder*, 2019-Ohio-2871.]

# IN THE COURT OF APPEALS

# ELEVENTH APPELLATE DISTRICT

# ASHTABULA COUNTY, OHIO

STATE OF OHIO ex rel. ROBERT R. DAVIES,

Relator,

- vs -

JUDGE DAVID A. SCHROEDER,

Respondent.

: **PER CURIAM OPINION**

:

: **CASE NO. 2019-A-0043**

:

:

:

:

:

Original Actions for Writs of Procedendo and Mandamus.

Judgment: Petition dismissed.

*Robert R. Davies,* pro se, 7455 Harmon Road, Conneaut, OH 44030 (Relator).

*Nicholas A. Iarocci,* Ashtabula County Prosecutor, and *Shelley M. Pratt,* Assistant Prosecutor, Ashtabula County Courthouse, 25 West Jefferson Street, Jefferson, OH 44047 (For Respondent).

PER CURIAM.

{¶1}   This is an original action on a petition for a writ of mandamus and a writ of procedendo by relator, Robert R. Davies, and subsequent motion for summary judgment. Relator requests that this court compel respondent, Judge David A. Schroeder of the Ashtabula County Court, Western Division, to rule in relator's favor on his motion to "vacate judgment denying return of fines & costs."  For the reasons discussed herein, we dismiss relator's petition as moot and overrule relator's motion for summary judgment.

{¶2}　In 2000, relator was convicted of misdemeanor sexual imposition.  In 2012, he sought "to have his conviction declared void due to a flaw in the complaint. Ultimately, the state determined that it could not produce a necessary witness to demonstrate the complaint was valid and, therefore, moved to vacate the conviction and dismiss the case. The state's motion was granted." *State v. Davies*, 11th Dist. Ashtabula No. 2017-A-0049, 2018-Ohio-5370, ¶2.  On relator's motion, the trial court sealed the record of proceedings. However, three years later, relator filed a motion to unseal the record, a motion to correct the grounds of the state's decision to dismiss the case, and a motion to vacate the trial court's prior decision overruling his request to be reimbursed for fines and court costs. The trial court overruled the first two motions, and, in 2018, relator appealed the trial court's denial of his motion to unseal.  In our December 31, 2018 judgment entry resolving that appeal, and of particular relevance to the petition sub judice, this court noted, inter alia, that "the motion to vacate * * * was not ruled upon and remains pending." *Davies*, *supra* at ¶7.

{¶3}　Relator now submits this petition seeking "a writ of mandamus compelling Respondent to grant the pending motion and to order the return of fines and costs" and "a writ of procedendo compelling Respondent to provide the clerk with proper certification of the total amount to be returned * * *."

{¶4}　The state, on behalf of respondent, moved to dismiss relator's petition pursuant to Civ.R. 12(B)(6) noting that respondent has since issued a Journal Entry dated May 6, 2019, 33 days after relator filed the instant petition, which denied relator's "motions to 'vacate judgment denying return of fines and costs.'"  A copy of the May 6, 2019 Journal Entry is attached to respondent's motion to dismiss.

2

{¶5} In response, relator has filed a motion in opposition to respondent's motions to dismiss and a motion for summary judgment in which relator acknowledges respondent's May 6, 2019 Journal Entry and acknowledges his ability to file a new appeal, but nevertheless asks this court not to dismiss his petition as moot asserting that, "forcing Relator to appeal anew is futile in light of this Court's authority to compel the requested relief." We disagree. Indeed, as we find relator's petition moot, as discussed below, this court cannot grant relator the relief he seeks. "[I]t is well established that courts do not have jurisdiction to consider moot issues; rather, courts decide actual cases in controversy." *Deluca v. Aurora*, 144 Ohio App.3d 501, 508 (11th Dist.2001).

{¶6} "'As a general proposition, the basic purpose of a writ of mandamus is to compel a public official to perform an act which he has a legal duty to complete.'" *State ex rel. Lemon v. Campbell*, 11th Dist. Trumbull No. 2010-T-0064, 2010-Ohio-5301, ¶6, quoting *State ex rel. Donlin v. Hubbard Twp.,* 11th Dist. Trumbull No. 2003-T-0035, 2004-Ohio-1708. Therefore, "a writ of mandamus will not lie to compel the performance of an act which has already been completed." *Campbell, supra*, ¶7. "[I]f the public official has already done the very act which is the subject of a mandamus action, the official is entitled to have the action dismissed because the merits of the mandamus claim are considered moot." *Id.,* at ¶6, quoting *Donlin, supra*.

{¶7} We also note that "although it would usually be inappropriate to consider evidentiary materials in ruling on a motion to dismiss under Civ.R. 12(B)(6), such materials can be reviewed when the basis of the dismissal motion is mootness." *Penko v. Mitrovich*, 11th Dist. Lake No. 2003-L-191, 2004-Ohio-6326, ¶5, citing *State ex rel. Robinson v. McKay*, 11th Dist. Trumbull No. 2001-T-0125, 2002-Ohio-630. Therefore,

3

since there is presently a question of mootness, we may consider the Journal Entry that was attached to the state's motion to dismiss. In so doing, we find the Journal Entry to be determinative of the issue sub judice. Though generally the best method of establishing the existence of such a judgment is through the submission of a certified copy of the entry, this court has held that a finding of mootness can be made in an original action when the relator does not contest the respondent's contention. *State ex rel. Davies v. Schroeder,* 11th Dist. Ashtabula No. 2013-A-0059, 2014-Ohio-973, ¶6. Here, respondent has not submitted a certified copy of the Journal Entry but merely a photocopy. However, while relator attempts to contest the issue of mootness by asserting respondent has not ruled in his favor, he does not deny the issuance of the Journal Entry. Since the issuance of the subject Journal Entry is not contested, respondent's failure to submit a certified copy is not fatal.

**{¶8}** Moreover, though relator specifically requested a favorable response from respondent, a writ of mandamus is a means to compel a legal duty, not a specific result. R.C. 2731.03 ("The writ of mandamus may require an inferior tribunal to exercise its judgment, or proceed to the discharge of any of its functions, but it cannot control judicial discretion."). Thus, respondent had a legal duty to rule on relator's motion to vacate, but not a legal duty to rule in his favor. Because respondent has taken the action relator sought to compel through a writ of mandamus, to the extent respondent could be so compelled, relator's petition is rendered moot. Since there is now a resolution to relator's motion to vacate judgments denying return of fines and cost, relator may raise the present issues in an appeal of the May 6, 2019 Journal Entry. As this is an adequate remedy in the ordinary course of law, a petition for writ of mandamus is no longer the appropriate

4

vehicle by which to seek resolution to relator's claims. Accordingly, relator's petition for a writ of mandamus is dismissed as moot.

{¶9} Relatedly, relator's petition for a writ of procedendo is also rendered moot. "'A writ of procedendo is appropriate when a court has either refused to render a judgment or has unnecessarily delayed proceeding to judgment.'" (Citations omitted.) *State ex rel. Yeaples v. Gall*, 141 Ohio St.3d 234, 2014-Ohio-4724, ¶20, citing *State ex rel. Weiss v. Hoover*, 84 Ohio St.3d 530, 532, (1999). "To be entitled to a writ of procedendo, [relator] must show a clear legal right to require the court to proceed, a clear legal duty on the part of the court to proceed, and the lack of an adequate remedy in the ordinary course of the law. A writ of procedendo is proper when a court has refused to enter judgment or has unnecessarily delayed proceeding to judgment." (Citations omitted.) *Shoop v. State*, 144 Ohio St.3d 374, 2015-Ohio-2068, ¶6. Here, respondent has since rendered judgment on the subject matter, and thus, relator's petition for a writ of procedendo is rendered moot.

{¶10} For the reasons discussed herein, respondent's motion to dismiss is granted, relator's petition for writ of mandamus and writ of procedendo is dismissed, and all other pending motions are hereby overruled.

CYNTHIA WESTCOTT RICE, J., MATT LYNCH, J., MARY JANE TRAPP, J., concur.