[Until this opinion appears in the Ohio Official Reports advance sheets, it may be cited as *State ex rel. Davies v. Schroeder*, Slip Opinion No. 2020-Ohio-1045.]

NOTICE

This slip opinion is subject to formal revision before it is published in an advance sheet of the Ohio Official Reports. Readers are requested to promptly notify the Reporter of Decisions, Supreme Court of Ohio, 65 South Front Street, Columbus, Ohio 43215, of any typographical or other formal errors in the opinion, in order that corrections may be made before the opinion is published.

SLIP OPINION NO. 2020-OHIO-1045

THE STATE EX REL. DAVIES, APPELLANT, *v.* SCHROEDER, JUDGE, APPELLEE.

[Until this opinion appears in the Ohio Official Reports advance sheets, it may be cited as *State ex rel. Davies v. Schroeder*, Slip Opinion No. 2020-Ohio-1045.]

*Mandamus—Procedendo—Relator had adequate remedy at law by way of appeal of ruling on motion for reimbursement of fine and court costs following vacated conviction—Court of appeals' judgment dismissing petition affirmed.*

(No. 2019-1175—Submitted January 28, 2020—Decided March 24, 2020.)

APPEAL from the Court of Appeals for Ashtabula County,

No. 2019-A-0043, 2019-Ohio-2871.

_____

**Per Curiam.**

{¶ 1} Appellant, Robert R. Davies, appeals the judgment of the Eleventh District Court of Appeals dismissing his petition for writs of mandamus and procedendo against appellee, Ashtabula County Court Judge David A. Schroeder.

We affirm the court of appeals' judgment because Davies had an adequate remedy in the ordinary course of the law, which bars his request for extraordinary relief in mandamus and procedendo.

**Background**

{¶ 2} In 2000, Davies was convicted of a criminal offense in the Ashtabula County Court and ordered to pay a fine and court costs.

{¶ 3} On April 15, 2013, the trial court vacated Davies's conviction at the state's request. On April 29, Davies filed a motion for "return of fines, court costs, and the unpaid balance for the cost of appeal." The trial court denied the motion on October 10, 2013. Davies did not appeal that judgment.

{¶ 4} On April 24, 2017, Davies filed three motions, including a motion to vacate the trial court's October 2013 judgment denying his motion for the return of his fine and court costs. In the motion to vacate, Davies argued that under *Nelson v. Colorado*, __ U.S. __, 137 S.Ct. 1249, 197 L.Ed.2d 611 (2017), the Due Process Clause of the Fourteenth Amendment obligated the state to return to him the fine and court costs that he had paid as part of his sentence for his vacated conviction. The trial court failed to rule on Davies's motion to vacate and denied the other two motions. On appeal, the court of appeals determined that because the trial court did not rule on the motion to vacate, the merits of the motion were not properly before the court. *State v. Davies*, 11th Dist. Ashtabula No. 2017-A-0049, 2018-Ohio-5370, ¶ 24.

{¶ 5} On April 3, 2019, Davies filed a petition for writs of procedendo and mandamus in the Eleventh District. Davies sought a writ of mandamus ordering Judge Schroeder to grant Davies's 2017 motion to vacate the trial court's October 2013 judgment denying his motion for the return of his fine and court costs. He also sought a writ of procedendo compelling Judge Schroeder to provide the clerk of courts with proper certification of the total amount of money to be returned to Davies under R.C. 1907.20(D). Judge Schroeder filed a motion to dismiss under

Civ.R. 12(B)(6), arguing that Davies's claims were moot. Judge Schroeder attached to his motion a May 6, 2019 judgment entry denying the 2017 motion to vacate.

{¶ 6} On July 15, 2019, the court of appeals dismissed Davies's petition. The court of appeals determined that Judge Schroeder's May 6, 2019 judgment entry denying the motion to vacate was sufficient proof that Davies's claims were moot. The court observed that Davies had acknowledged in his response to Judge Schroeder's motion to dismiss and in Davies's own motion for summary judgment the existence of the May 6, 2019 judgment entry and his ability to appeal it. The court also noted that although Davies had requested that Judge Schroeder rule in his favor, "a writ of mandamus is a means to compel a legal duty, not a specific result." 2019-Ohio-2871, ¶ 8. Davies appealed to this court as of right.

### Legal Analysis

{¶ 7} We review the dismissal of a complaint for extraordinary relief under Civ.R. 12(B)(6) de novo. *State ex rel. Brown v. Nusbaum*, 152 Ohio St.3d 284, 2017-Ohio-9141, 95 N.E.3d 365, ¶ 10. Dismissal is appropriate only if it "appear[s] beyond doubt from the complaint that the relator can prove no set of facts warranting relief, after all factual allegations of the complaint are presumed true and all reasonable inferences are made in the relator's favor." *State ex rel. Zander v. Judge of Summit Cty. Common Pleas Court*, 156 Ohio St.3d 466, 2019-Ohio-1704, 129 N.E.3d 401, ¶ 4.

{¶ 8} To be entitled to a writ of mandamus, Davies must establish (1) a clear legal right to the requested relief, (2) a clear legal duty requiring Judge Schroeder to provide the relief, and (3) the lack of an adequate remedy in the ordinary course of the law. *State ex rel. Waters v. Spaeth*, 131 Ohio St.3d 55, 2012-Ohio-69, 960 N.E.2d 452, ¶ 6. To be entitled to a writ of procedendo, Davies must establish (1) a clear legal right to require Judge Schroeder to proceed, (2) a clear legal duty requiring Judge Schroeder to proceed, and (3) the lack of an adequate remedy in the ordinary

course of the law. *State ex rel. Weiss v. Hoover*, 84 Ohio St.3d 530, 531-532, 705 N.E.2d 1227 (1999).

{¶ 9} Davies contends that Judge Schroeder "is obligated under *Nelson* * * * and the Due Process Clause of the 14th Amendment to order the refund of fines, fees, and court costs extracted from [him]."

{¶ 10} However, we need not analyze Davies's due-process argument under *Nelson* because he cannot prove that he lacked an adequate remedy in the ordinary course of the law to vindicate that right. We have held that "[t]he availability of an appeal is an adequate remedy sufficient to preclude a writ [of procedendo]," *State ex rel. Luoma v. Russo*, 141 Ohio St.3d 53, 2014-Ohio-4532, 21 N.E.3d 305, ¶ 8, regardless of whether the appeal was "unsuccessful or even wrongly decided," *State ex rel. Peoples v. Johnson*, 152 Ohio St.3d 418, 2017-Ohio-9140, 97 N.E.3d 426, ¶ 11. The availability of an appeal is an adequate remedy even if the relator fails to pursue the appeal. *State ex rel. Gaydosh v. Twinsburg*, 93 Ohio St.3d 576, 579, 757 N.E.2d 357 (2001); *see also Jackson v. Johnson*, 135 Ohio St.3d 364, 2013-Ohio-999, 986 N.E.2d 989, ¶ 5.

{¶ 11} Here, the trial court denied Davies's motion for reimbursement of his fine and court costs on October 10, 2013. Davies does not contest the fact that he did not appeal that judgment. Yet, he had a right to appeal that judgment, which was a final, appealable order. *See State ex rel. Daniels v. Russo*, 156 Ohio St.3d 143, 2018-Ohio-5194, 123 N.E.3d 1011, ¶ 9; *State v. Simmons*, 8th Dist. Cuyahoga No. 91628, 2008-Ohio-6291, ¶ 4 (appealing trial court's denial of motion for reimbursement of court costs and supervision fees after court dismissed case).

{¶ 12} In addition, Davies could have appealed the trial court's May 6, 2019 judgment denying his motion to vacate the October 2013 judgment denying his request for reimbursement. Because Davies had an adequate remedy in the ordinary course of the law, we affirm the Eleventh District's judgment.

Judgment affirmed.

O'CONNOR, C.J., and KENNEDY, FRENCH, FISCHER, DEWINE, DONNELLY, and STEWART, JJ., concur.

_____

Robert R. Davies, pro se.

Nicholas A. Iarocci, Ashtabula County Prosecuting Attorney, and Shelley M. Pratt, Assistant Prosecuting Attorney, for appellee.

_____