[Cite as *State ex rel. Mobley v. O'Donnell*, 2023-Ohio-842.]

IN THE COURT OF APPEALS OF OHIO

TENTH APPELLATE DISTRICT

| | | |
|---|---|---|
| State ex rel. Alphonso Mobley Jr., | : | |
| Relator, | : | |
| v. | : | No.  22AP-488 |
| Judge Colleen O'Donnell, | : | (REGULAR CALENDAR) |
| Respondent. | : | |

D E C I S I O N

Rendered on March 16, 2023

*Alphonso Mobley Jr.*, pro se.

*G. Gary Tyack*, Prosecuting Attorney, and *Charles R. Ellis*, for respondent.

IN MANDAMUS/PROCEDENDO
ON OBJECTIONS TO THE MAGISTRATE'S DECISION

LUPER SCHUSTER, J.

{¶ 1}  In August 2022, relator, Alphonso Mobley, Jr., filed a complaint seeking a writ of mandamus or procedendo to compel respondent, Colleen O'Donnell, now a former Judge of the Franklin County Court of Common Pleas,[1] to issue a final, appealable order that reflects a sentence that includes a "verdict of forfeiture."  Respondent filed a motion to dismiss pursuant to Civ.R. 12(B)(6), on the basis that relator had an adequate remedy at law by way of direct appeal, and that the trial court, in ordering the forfeiture, was not required to use particular language.  Relator has also filed a motion to proceed in forma pauperis.

---

[1] Respondent's term ended in January 2023.

{¶ 2} Pursuant to Civ.R. 53 and Loc.R. 13(M) of the Tenth District Court of Appeals, this matter was referred to a magistrate who issued a decision, including findings of fact and conclusions of law, which is appended hereto. The magistrate agreed with respondent on both asserted grounds for dismissal, and therefore recommends this court grant her motion to dismiss. Relator filed objections to the magistrate's decision pursuant to Civ.R. 53(D)(3)(b). He generally argues the magistrate erred in not concluding that the forfeiture order was not a final, appealable order, and that the order was otherwise invalid based on trial court error.

{¶ 3} For this court to issue a writ of mandamus, relator must show a clear legal right to the relief sought, a clear legal duty on the part of the respondent to provide such relief, and the lack of an adequate remedy in the ordinary course of the law. *State ex rel. Pressley v. Indus. Comm.*, 11 Ohio St.2d 141 (1967). And to be entitled to a writ of procedendo, relator must show a clear legal right to require the court to proceed, a clear legal duty on the part of the court to proceed, and the lack of an adequate remedy in the ordinary course of the law. *State ex rel. Culgan v. Collier*, 135 Ohio St.3d 436, 2013-Ohio-1762, ¶ 7.

{¶ 4} Applying the pertinent law, the magistrate found that relator could have directly appealed from the forfeiture order, and he thus had an adequate remedy in the ordinary course of the law. And because he had an adequate remedy in the ordinary course of the law, he is not entitled to either a writ of mandamus or procedendo. We concur in the magistrate's well-reasoned analysis concerning relator's adequate remedy at law, and its bar to this action. The magistrate also determined that, even if relator could have brought this original action on the claimed ground, the trial court was not required to use the language urged by relator in ordering the forfeiture. Insofar as this conclusion addressed any alleged error relating to the trial court's forfeiture order, we find that conclusion, and the associated analysis, to be unnecessary for the purpose of this matter's disposition.

{¶ 5} Following our independent review of this matter, we find the magistrate properly determined that relator is not entitled to the requested writ as he had an adequate remedy at law. Because relator's action must be dismissed on this basis, we need not address the alternative basis for dismissal. Accordingly, we overrule relator's objections to the magistrate's conclusions of law concerning his adequate remedy at law, and we find his

objections to be moot to the extent they allege trial court error in its order of forfeiture. We therefore adopt the magistrate's decision as our own, including the findings of fact and conclusions of law contained therein, except to the extent the magistrate's conclusions of law relate to the issue we decline to address. In accordance with the magistrate's recommendation, we grant respondent's motion to dismiss relator's action for a writ of mandamus or procedendo and deny relator's motion for leave to proceed in forma pauperis.

*Objections overruled in part, and rendered moot in part;*
*motion for leave to proceed in forma pauperis denied;*
*motion to dismiss granted;*
*case dismissed.*

DORRIAN and EDELSTEIN, JJ., concur.

———————————

# APPENDIX

IN THE COURT OF APPEALS OF OHIO

TENTH APPELLATE DISTRICT

| | | |
|---|---|---|
| State ex rel. Alphonso Mobley Jr., | : | |
| Relator, | : | |
| v. | : | No. 22AP-488 |
| Judge Colleen O'Donnell, | : | (REGULAR CALENDAR) |
| Respondent. | : | |

### M A G I S T R A T E ' S   D E C I S I O N

Rendered on September 27, 2022

*Alphonso Mobley Jr.,* pro se.

*G. Gary Tyack,* Prosecuting Attorney, and *Thomas W. Ellis,* for respondent.

IN MANDAMUS/PROCEDENDO ON
RESPONDENT'S MOTION TO DISMISS

{¶ 6}   Relator, Alphonso Mobley Jr., has filed this original action seeking a writ of mandamus/procedendo ordering respondent, Judge Colleen O'Donnell, to issue a final, appealable order that reflects a sentence that includes a "verdict of forfeiture." Respondent has filed a motion to dismiss pursuant to Civ.R. 12(B)(6). Relator has also filed a motion to proceed in forma pauperis.

Findings of Fact:

{¶ 7}   1.  Respondent is a public official serving as a judge in the Franklin County Court of Common Pleas, Ohio.

{¶ 8}   2. Relator is a prisoner who was incarcerated at Southeastern Correctional Institution in Lancaster, Ohio, at the time he filed this mandamus/procedendo action.

{¶ 9}   3. On May 1, 2017, in Franklin C.P. No. 16CR-2061, respondent issued a judgment entry finding relator guilty, pursuant to a plea of guilty, to aggravated arson with a firearm specification and criminal use of an explosive device. Respondent sentenced relator to an aggregate term of imprisonment of 14 years. The judgment entry indicates, "It is ORDERED that the firearm be confiscated and destroyed." Relator did not appeal this judgment.

{¶ 10}   4. On August 9, 2022, relator filed his complaint in mandamus/procedendo with this court, requesting that this court order respondent to issue a final, appealable order that reflects a sentence that includes a "verdict of forfeiture." Relator also filed a motion for leave to proceed in forma pauperis.

{¶ 11}   5. On August 25, 2022, respondent filed a motion to dismiss, pursuant to Civ.R. 12(B)(6).

Conclusions of Law:

{¶ 12}   For the reasons that follow, it is the magistrate's decision that this court grant respondent's motion to dismiss relator's complaint for a writ of mandamus/procedendo and deny relator's motion for leave to proceed in forma pauperis.

{¶ 13}   In order to be entitled to a writ of procedendo, a relator must establish a clear legal right to require the court to proceed, a clear legal duty on the part of the court to proceed, and the lack of an adequate remedy in the ordinary course of law. *State ex rel. Miley v. Parrott*, 77 Ohio St.3d 64, 65 (1996). A writ of procedendo is appropriate when a court has either refused to render a judgment or has unnecessarily delayed proceeding to judgment. *Id.* An " 'inferior court's refusal or failure to timely dispose of a pending action is the ill a writ of procedendo is designed to remedy.' " *State ex rel. Dehler v. Sutula*, 74 Ohio St.3d 33, 35 (1995), quoting *State ex rel. Levin v. Sheffield Lake*, 70 Ohio St.3d 104, 110 (1994).

{¶ 14} In order for this court to issue a writ of mandamus, a relator must ordinarily show a clear legal right to the relief sought, a clear legal duty on the part of the respondent to provide such relief, and the lack of an adequate remedy in the ordinary course of the law. *State ex rel. Pressley v. Indus. Comm.*, 11 Ohio St.2d 141 (1967).

{¶ 15} A motion to dismiss pursuant to Civ.R. 12(B)(6) tests the sufficiency of the complaint. "In order for a court to dismiss a case pursuant to Civ.R. 12(B)(6) 'it must appear beyond doubt from the complaint that the plaintiff can prove no set of facts entitling him to recovery.' " *T & M Machines, LLC v. Yost*, 10th Dist. No. 19AP-124, 2020-Ohio-551, ¶ 10, quoting *O'Brien v. Univ. Community Tenants Union, Inc.*, 42 Ohio St.2d 242 (1975), syllabus. In construing a complaint upon a Civ.R. 12(B)(6) motion, a court must presume that all factual allegations in the complaint are true and make all reasonable inferences in the plaintiff's favor. *LeRoy v. Allen, Yurasek & Merklin*, 114 Ohio St.3d 323, 2007-Ohio-3608, ¶ 14.

{¶ 16} The magistrate may take judicial notice of the pleadings and orders in related cases when these are not subject to reasonable dispute, at least insofar as they affect the present original action. *State ex rel. Nyamusevya v. Hawkins*, 10th Dist. No. 19AP-199, 2020-Ohio-2690, ¶ 33, citing Evid.R. 201(B); *State ex rel. Ohio Republican Party v. Fitzgerald*, 145 Ohio St.3d 92, 2015-Ohio-5056, ¶ 18; and *State ex rel. Womack v. Marsh*, 128 Ohio St.3d 303, 2011-Ohio-229, ¶ 8. Furthermore, a court may take judicial notice of pleadings that are readily accessible on the internet. *See Draughon v. Jenkins*, 4th Dist. No. 16CA3528, 2016-Ohio-5364, ¶ 26, citing *State ex rel. Everhart v. McIntosh*, 115 Ohio St.3d 195, 2007-Ohio-4798, ¶ 8, 10 (a court may take judicial notice of appropriate matters, including judicial opinions and public records accessible from the internet, in determining a Civ.R. 12(B)(6) motion); and *Giannelli*, 1 Baldwin's Ohio Practice Evidence, Section 201.6 (3d Ed.2015) (noting that the rule generally precluding a court from taking judicial notice of other cases has been relaxed if the record is accessible on the internet).

{¶ 17} R.C. 2981.03(A)(1) provides, in pertinent part:

> (1) The state or political subdivision acquires provisional title to property subject to forfeiture under this chapter upon a person's commission of an offense giving rise to forfeiture, subject to third party claims and a final adjudication under section 2981.04 or 2981.05 of the Revised Code. Provisional

> title authorizes the state or political subdivision to seize and hold the property, and to act to protect the property, under this section before any proceeding under this chapter. Title to the property vests with the state or political subdivision when the trier of fact renders a final forfeiture verdict or order under section 2981.04 or 2981.05 of the Revised Code, but that title is subject to third party claims adjudicated under those sections.

{¶ 18} R.C. Chapter 2981 permits "[a] law enforcement officer [to] seize property that the officer has probable cause to believe is property subject to forfeiture." R.C. 2981.03(A)(2). A state or political subdivision acquires provisional title to property subject to forfeiture, upon commission of an offense giving rise to forfeiture. R.C. 2981.03(A)(1). This provisional title is subject to claims of third parties and a final forfeiture adjudication. R.C. 2981.03(A)(1); *State v. Jamison*, 2d Dist. No. 23211, 2010-Ohio-965, ¶ 21.

{¶ 19} R.C. 2981.02 allows the forfeiture of contraband, proceeds, and certain instrumentalities. *See* R.C. 2981.01(B)(13). An "instrumentality" is "property otherwise lawful to possess that is used in or intended to be used in an offense." R.C. 2981.01(B)(6). Forfeiture is a civil, not criminal, penalty. *State v. Harris*, 132 Ohio St.3d 318, 2012-Ohio-1908, ¶ 29. A prosecuting attorney may pursue forfeiture of seized property in a criminal proceeding under R.C. 2981.04, a civil proceeding under R.C. 2981.05, or both. R.C. 2981.03(F). Criminal forfeiture is initiated by including in the charging instrument a specification consistent with R.C. 2941.1417 or by providing the defendant with "prompt notice," in conformity with Crim.R. 7(E). R.C. 2981.04(A)(1) and (A)(2). In contrast, a civil forfeiture proceeding is initiated by the prosecutor's filing of a civil complaint requesting the forfeiture of property that is located within the jurisdiction of the prosecutor's political subdivision and that is alleged to be connected to an offense as contraband, proceeds, or an instrumentality. R.C. 2981.05(A). R.C. 2981.04(B) requires that the state or political subdivision prove only by a preponderance of the evidence that property is subject to forfeiture under R.C. 2981.02.

{¶ 20} The Supreme Court of Ohio held in *Harris* that judgments of forfeiture need not be included in the criminal sentencing judgment entry. The court reasoned that an order of forfeiture is not a conviction or a sentence. *Id*. at ¶ 25 and 28. The forfeiture of

items contemplates judicial action and additional considerations that extend beyond a defendant's criminal case. *Id.* at ¶ 33. The proceeding itself requires an additional finding by the trier of fact. *Id.,* citing R.C. 2981.04(B). Issues concerning the defendant's interest and the ability to seize the property also must be considered pursuant to R.C. 2981.06 and are made by the trier of fact after the court finds the defendant guilty of the offense. *Id.,* citing R.C. 2981.04(B). Thus, a forfeiture order need not be stated in the judgment of conviction, and a trial court need not combine the entry of conviction and the forfeiture order. *Id.* at ¶ 21.

{¶ 21} In the present matter, relator asserts in his complaint that he is entitled to a writ of mandamus/procedendo because respondent failed to issue a final, appealable order that reflects a sentence that includes a "verdict of forfeiture" related to the firearm used in the underlying case. He asserts that the court in *Harris* found that a "verdict of forfeiture" is part of the sentence imposed, and, thus, a judgment of conviction is not final and appealable without the verdict of forfeiture. He cites *J.S. v. L.S.*, 10th Dist. No. 20AP-571, 2022-Ohio-2485, for the same proposition. Without a final, appealable order, relator contends, he is unable to appeal the trial court's judgment.

{¶ 22} In her motion to dismiss, respondent argues she is entitled to dismissal on the following two grounds: (1) relator had an adequate remedy at law by way of direct appeal of the May 1, 2022, judgment finding him guilty and ordering the confiscation and destruction of the firearm; and (2) notwithstanding relator's failure to file a direct appeal, the trial court was not required to include the specific language "verdict of forfeiture" in its judgment entry because requiring specific or hypertechnical language is inefficient and counterproductive.

{¶ 23} The magistrate agrees with both of respondent's grounds for dismissal. Because the trial court ordered the forfeiture of the firearm in the entry of conviction and sentencing, the judgment ordering forfeiture was subject to direct appeal at that time. Because relator could have directly appealed the judgment ordering forfeiture, he had an adequate remedy at law, and is prohibited from seeking relief in mandamus or procedendo. Relator's contention that the order was not final and appealable without including the specific language "verdict of forfeiture" is unsupported by the cited authority. The holding in *Harris* does not require the language "verdict of forfeiture" be included in the judgment

entry to make it a final and appealable order and, directly contrary to relator's claim that the court in *Harris* indicated that a "verdict of forfeiture" is part of the sentence imposed, the court in *Harris* explicitly determined that "an order of forfeiture is not a sentence." *Id.* at ¶ 28. Furthermore, this court in *J.S.* did not address this issue whatsoever and merely reiterated the well-established tenet that "a court will only speak through its entries, as '[n]either the parties nor a reviewing court should have to review the trial court record to determine the court's intentions. Rather, the entry must reflect the trial court's action in clear and succinct terms.' " *J.S.* at ¶ 45, quoting *Infinite Sec. Solutions, L.L.C. v. Karam Props. II*, 143 Ohio St.3d 346, 2015-Ohio-1101, ¶ 29. In fact, this court recognized in *J.S.*, that " 'requiring specific or hypertechnical language is inefficient and counterproductive.' " *Id.*, quoting *Infinite Sec. Solutions* at ¶ 31. Thus, neither *Harris* nor *J.S.* requires any talismanic language to constitute a valid forfeiture order that otherwise complies with the forfeiture statute, and the magistrate can find no authority that any specific language is necessary, such as "verdict of forfeiture," "final forfeiture verdict," or "final forfeiture order," is required to render such an order final and appealable. Also, pursuant to the discussion in *Harris*, it is apparent that a trial court may, but is not required to, include a forfeiture order in a criminal sentencing judgment entry. Here, the trial court's language in its criminal sentencing judgment entry was clear that it was ordering the forfeiture of the firearm. Therefore, relator had an adequate remedy at law by way of direct appeal of the forfeiture order, and even if relator could have brought the present original action on the claimed ground, the trial court was not required to use the language urged by relator in ordering the forfeiture.

{¶ 24} Accordingly, the magistrate recommends that this court grant respondent's motion to dismiss relator's complaint for a writ of mandamus/procedendo and deny relator's motion for leave to proceed in forma pauperis.


/S/ MAGISTRATE
THOMAS W. SCHOLL III

**NOTICE TO THE PARTIES**

Civ.R. 53(D)(3)(a)(iii) provides that a party shall not assign as error on appeal the court's adoption of any factual finding or legal conclusion, whether or not specifically designated as a finding of fact or conclusion of law under Civ.R. 53(D)(3)(a)(ii), unless the party timely and specifically objects to that factual finding or legal conclusion as required by Civ.R. 53(D)(3)(b).