**[Until this opinion appears in the Ohio Official Reports advance sheets, it may be cited as** *State ex rel. Mobley v. Noble***, Slip Opinion No. 2024-Ohio-1291.]**

NOTICE

This slip opinion is subject to formal revision before it is published in an advance sheet of the Ohio Official Reports. Readers are requested to promptly notify the Reporter of Decisions, Supreme Court of Ohio, 65 South Front Street, Columbus, Ohio 43215, of any typographical or other formal errors in the opinion, in order that corrections may be made before the opinion is published.

SLIP OPINION NO. 2024-OHIO-1291

THE STATE EX REL. MOBLEY, APPELLANT, *v.* [NOBLE],[1] JUDGE, APPELLEE.

**[Until this opinion appears in the Ohio Official Reports advance sheets, it may be cited as** *State ex rel. Mobley v. Noble***, Slip Opinion No. 2024-Ohio-1291.]**

*Mandamus—Procedendo—Relator sought extraordinary writ to compel trial-court judge to issue judgment of conviction that constitutes a final, appealable order—Adequate remedy in ordinary course of law—Court of appeals' judgment dismissing complaint affirmed—Motion to declare relator a vexatious litigator denied.*

(No. 2023-0412—Submitted September 12, 2023—Decided April 9, 2024.)

APPEAL from the Court of Appeals for Franklin County,

No. 22AP-488, 2023-Ohio-842.

_____

1. In January 2023, Judge Andria Noble succeeded Judge Colleen O'Donnell, who was the original appellee and who presided over the underlying matter at the time that Mobley filed the complaint for a writ of mandamus or procedendo. Under S.Ct.Prac.R. 4.06(B), Judge Noble is automatically substituted for former Judge O'Donnell as a party to this action.

**Per Curiam.**

{¶ 1} Appellant, Alphonso Mobley Jr., filed a complaint for a writ of mandamus or procedendo in the Tenth District Court of Appeals against appellee, Franklin County Common Pleas Court Judge Andria Noble. Mobley sought to compel the judge to issue a judgment of conviction that constitutes a final, appealable order. The court of appeals dismissed Mobley's complaint, and Mobley timely appealed to this court.

{¶ 2} We affirm the judgment of the court of appeals dismissing Mobley's complaint because he had an adequate remedy in the ordinary course of the law and was not entitled to the extraordinary relief that he sought.

{¶ 3} While this action was pending, the judge filed a motion requesting that this court declare Mobley a vexatious litigator under S.Ct.Prac.R. 4.03(B). Mobley filed a motion for leave to file a revised reply brief. For the reasons explained below, we decline to declare Mobley a vexatious litigator under S.Ct.Prac.R. 4.03 and deny Mobley's motion for leave to file a revised reply brief.

## I. BACKGROUND

{¶ 4} In May 2017, Mobley entered guilty pleas in the Franklin County Court of Common Pleas to charges of aggravated arson with a firearm specification and criminal use of an explosive device. The trial court sentenced him to an aggregate prison term of 14 years. In its judgment of conviction, the trial court stated: "It is ORDERED that the firearm be confiscated and destroyed." (Capitalization sic.) Mobley did not appeal the trial court's judgment of conviction.

{¶ 5} Rather than appeal, Mobley filed a complaint for a writ of mandamus or procedendo in the Tenth District Court of Appeals, arguing that the trial court's judgment of conviction was not a final, appealable order. In particular, Mobley argued that the judgment failed to include a "verdict of forfeiture" pursuant to R.C.

2981.04(B) and (C). He sought to compel the trial court "to enter a final appealable order that reflects a sentence indicating a 'verdict of forfeiture.' "

{¶ 6} The judge moved to dismiss Mobley's complaint under Civ.R. 12(B)(6), which Mobley opposed. The Tenth District had referred the case to a magistrate, who recommended that the court of appeals grant the judge's motion to dismiss. The magistrate concluded that Mobley had an adequate remedy in the ordinary course of the law by way of a direct appeal from the judgment of conviction.

{¶ 7} Mobley filed objections to the magistrate's decision and simultaneously filed a motion to certify a conflict. Mobley argued that a conflict existed among three Ohio appellate districts as to whether the Rules of Civil Procedure apply to criminal-forfeiture orders and among two Ohio appellate districts as to whether a "judgment of conviction is final when it does not contain a guilty plea, verdict or finding of the court on which the forfeiture order is based." The court of appeals struck Mobley's motion to certify as premature because the court had not yet entered a final judgment.

{¶ 8} On January 20, 2023, in an unrelated case, the Franklin County Common Pleas Court declared Mobley a vexatious litigator under R.C. 2323.52. *See Tyack v. Mobley*, Franklin C.P. No. 21CV2747 (Jan. 20, 2023). Accordingly, in his pending action for a writ of mandamus or procedendo, Mobley filed a motion for leave to continue legal proceedings pursuant to R.C. 2323.52(F)(2). The court of appeals granted Mobley's motion "to the extent that [the] court [would] proceed to judgment in [the] matter" but notified him that he was not permitted to file any other pleadings in the matter without first obtaining leave to do so.

{¶ 9} On March 16, 2023, the court of appeals adopted the magistrate's decision, overruled Mobley's objections in part and found them moot in part, denied Mobley's motion for leave to proceed in forma pauperis, granted the judge's

motion to dismiss, and dismissed the case. The court held that Mobley had an adequate remedy in the ordinary course of the law through a direct appeal.

## II. ANALYSIS

### A. The court of appeals correctly dismissed Mobley's complaint

*1. Standard of review*

{¶ 10} We review de novo a court of appeals' dismissal of an extraordinary-writ complaint under Civ.R. 12(B)(6). *State ex rel. Davies v. Schroeder*, 160 Ohio St.3d 29, 2020-Ohio-1045, 153 N.E.3d 27, ¶ 7. "Dismissal is appropriate only if it 'appear[s] beyond doubt from the complaint that the relator can prove no set of facts warranting relief.' " (Brackets added in *Davies*.) *Id.*, quoting *State ex rel. Zander v. Judge of Summit Cty. Common Pleas Court*, 156 Ohio St.3d 466, 2019-Ohio-1704, 129 N.E.3d 401, ¶ 4.

{¶ 11} To be entitled to a writ of mandamus, Mobley needed to prove, by clear and convincing evidence, that he had a clear legal right to the requested relief, that the trial court had a clear legal duty to provide the requested relief, and that he lacked an adequate remedy in the ordinary course of the law. *State ex rel. Ward v. Reed*, 141 Ohio St.3d 50, 2014-Ohio-4512, 21 N.E.3d 303, ¶ 10. To be entitled to a writ of procedendo, Mobley needed to prove that he had a clear legal right for the trial court to proceed, that the trial court had a clear legal duty to proceed, and that he lacked an adequate remedy in the ordinary course of the law. *Id.* at ¶ 9.

*2. An adequate remedy forecloses extraordinary relief*

{¶ 12} In his complaint, Mobley alleged that the trial court failed to state in its judgment entry that "a trier of fact returned or the court entered a 'verdict of forfeiture,' pursuant to [R.C.] 2981.04(B) [and] (C)." He asked the court of appeals for a writ of procedendo or mandamus to compel the trial court to "enter a final appealable order that reflects a sentence indicating a 'verdict of forfeiture.' " Relying on our decision in *State v. Harris*, 132 Ohio St.3d 318, 2012-Ohio-1908, 972 N.E.2d 509, *overruled in part on other grounds by State v. Henderson*, 161

Ohio St.3d 285, 2020-Ohio-4784, 162 N.E.3d 776, Mobley argued that the omission of the verdict of forfeiture from the judgment of conviction meant that it was not a final, appealable order.

{¶ 13} On appeal, Mobley continues to press the claim that under *Harris*, the trial court's judgment of conviction is not a final, appealable order. He offers several theories in support of his argument, including that the judgment of conviction was an "interlocutory order to seize property" from which he could not have appealed. In support, Mobley relies on a case involving a direct appeal from a trial court's judgment dismissing an administrative appeal from the Ohio Elections Commission's denial of a motion for a protective order. *See Cozad v. Ohio Elections Comm.*, 10th Dist. Franklin No. 22AP-312, 2023-Ohio-839, ¶ 1. In *Cozad*, the court of appeals held that the commission's order denying Cozad's request for a protective order was interlocutory and nonfinal. *Id*. at ¶ 21. Because it involved an interlocutory order, *Cozad* is inapplicable to Mobley's claim and his reliance on it is misplaced.

{¶ 14} In the alternative, Mobley argues that the judgment of conviction was nonfinal because while two firearms were seized by the state when it searched Mobley's home, the judgment of conviction refers to only a single firearm. The judge contends that Mobley raised this argument for the first time in his appeal to this court and that the argument is thus barred. Yet, in an "Affidavit of Truth in Support" that Mobley filed in the court of appeals, he stated that the trial court's judgment of conviction "identifies 'the firearm' only in the singular sense," that "the prosecutor fail[ed] to inform the court that two firearms were discovered in the search warrant executed" at Mobley's residence, and that the search-warrant inventory identified "two separate and distinct firearms." After reviewing the record on appeal, for the reasons stated above, we reject the judge's request that we find Mobley's argument to be barred.

**{¶ 15}** Nonetheless, whether the judgment of conviction identified the correct number of firearms seized does not affect its finality. Crim.R. 32(C) does not require that a judgment of conviction include a related forfeiture order to validly impose a sentence. *Harris*, 132 Ohio St.3d 318, 2012-Ohio-1908, 972 N.E.2d 509, *overruled in part on other grounds by State v. Henderson*, 161 Ohio St.3d 285, 2020-Ohio-4784, 162 N.E.3d 776, at paragraph two of the syllabus ("A journal entry of conviction need not include a nonmandatory, related forfeiture in order to be a final, appealable order pursuant to Crim.R. 32(C)"); *see also State v. Lester*, 130 Ohio St.3d 303, 2011-Ohio-5204, 958 N.E.2d 142, paragraph one of the syllabus. As long as a judgment entry includes "(1) the fact of conviction, (2) the sentence, (3) the signature of the judge, and (4) entry on the journal by the clerk of courts," it is "a final order subject to appeal under R.C. 2505.02." *Harris* at ¶ 22-23, citing *Lester* at paragraph one of the syllabus and ¶ 14. An error in the trial court's judgment of conviction in identifying the seized property could have been raised on appeal from that judgment. *See State ex rel. Jones v. Ansted*, 131 Ohio St.3d 125, 2012-Ohio-109, 961 N.E.2d 192, ¶ 2 (because a firearm specification is not a separate criminal offense, a judgment entry that fails to dispose of each firearm specification of which the defendant was found guilty is final and appealable as long as it "set[s] forth the fact of [the] convictions, the sentence, the judge's signature, and the time stamp indicating the entry upon the journal by the clerk," and the defendant "had an adequate remedy by way of appeal to raise his claim of sentencing error"); *State v. Legion*, 8th Dist. Cuyahoga No. 96894, 2012-Ohio-1045, ¶ 13 ("the failure of the trial court to identify the items forfeited with more specificity is a 'matter of form' that can be raised as an error in a direct appeal"); *State ex rel. Walker v. DeWeese*, 5th Dist. Richland No. 12 CA 10, 2012-Ohio-1601, ¶ 4 (rejecting the defendant's argument that a judgment entry that fails to address each forfeiture specification is not final and appealable).

{¶ 16} Here, the judgment entry included the fact of conviction, the sentence, and the judge's signature and it was entered on the journal by the clerk of courts. Therefore, the judgment was final and appealable and triggered Mobley's right to appeal. And because "[t]he availability of an appeal is an adequate remedy even if the relator fails to pursue the appeal," *State ex rel. Davies v. Schroeder*, 160 Ohio St.3d 29, 2020-Ohio-1045, 153 N.E.3d 27, ¶ 10, Mobley is precluded from obtaining either a writ of mandamus or a writ of procedendo. The court of appeals properly dismissed Mobley's complaint, and we affirm that judgment.

### B. The parties' motions

{¶ 17} The judge asks us to designate Mobley a vexatious litigator under S.Ct.Prac.R. 4.03(B). Under S.Ct.Prac.R. 4.03(A), we may sanction a represented party or a person who signs "an appeal or other action [that] is frivolous or is prosecuted for delay, harassment, or any other improper purpose." Furthermore, should a party "habitually, persistently, and without reasonable cause engage[] in frivolous conduct under division (A)," then we may find the party to be a vexatious litigator. S.Ct.Prac.R. 4.03(B). However, the judge has not argued or provided evidence demonstrating that the appeal before us was filed for "delay, harassment, or any other improper purpose" or was otherwise frivolous. Accordingly, we deny the judge's motion to declare Mobley to be a vexatious litigator. We also deny as moot Mobley's motion to file a revised reply brief.

### III. CONCLUSION

{¶ 18} For the foregoing reasons, we affirm the judgment of the Tenth District Court of Appeals, deny the judge's motion to declare Mobley to be a vexatious litigator, and deny as moot Mobley's motion to file a revised reply brief.

Judgment affirmed.

KENNEDY, C.J., and DONNELLY, STEWART, and BRUNNER, JJ., concur.

DETERS, J., concurs in part and dissents in part and would grant appellee's motion to declare appellant to be a vexatious litigator.

FISCHER and DEWINE, JJ., concur in judgment only in part and dissent in part and would grant appellee's motion to declare appellant to be a vexatious litigator.

_____

Alphonso Mobley Jr., pro se.

G. Gary Tyack, Franklin County Prosecuting Attorney, and Thomas W. Ellis, Assistant Prosecuting Attorney, for appellee.

_____